**Sonny ELLEN, Appellant,**

v.

**BRAZOS COUNTY BAIL BOND BOARD, Appellee.**

**No. 14–02–00692–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 17, 2003.

Bob Wicoff, Houston, for Appellant.

Tina Snelling, Houston, for Appellee.

Panel consists of Justices ANDERSON, SEYMORE, and GUZMAN.

## MEMORANDUM OPINION

JOHN S. ANDERSON, Justice.

Asserting five points of error, appellant Sonny Ellen appeals the granting of summary judgment in favor of appellee Brazos County Bail Bond Board (the "Board") in a suit challenging the Board's denial of appellant's bail bond license renewal. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In May 2001, appellant, a bail bondsman, filed a renewal application with appellee, seeking renewal of his license to write bail bonds. On July 6, 2001, the Board conducted a hearing on appellant's application for renewal and denied it based on (1) appellant's submission of a noncompliant and incomplete financial statement, (2) appellant's submission of a noncompli-

ant oath with his financial statement; and (3) appellant's failure to pay at least ten bond forfeiture judgments within thirty days as mandated by law. *See* TEX. OCCUP. CODE ANN. § 1704.204(a) (Vernon 2002).

Five days after denial of appellant's renewal application, appellant filed an original petition for reinstatement of his license and appealed the Board's decision. The Board filed an answer and, seven months later, moved for summary judgment. Appellant filed a response to the Board's motion, alleging the Board's motion for summary judgment was mooted by his purported correction of his defective oath and by provision of previously-omitted financial information. Appellant also attached an affidavit to his response asserting that he was in the process of paying the delinquent bond forfeiture judgments.

Appellee's motion for summary judgment was heard on April 24, 2002 and granted on June 22, 2002. Although appellant attempted to file a supplemental response to appellee's summary judgment motion thirty-three days after the hearing, the trial court denied his motion for leave to do so. This appeal results from the trial court's order granting summary judgment and denying appellant's motion for leave to file a supplemental response.

## ISSUES ON APPEAL

Appellant argues summary judgment was improper, because (1) four of the exhibits attached to appellee's summary judgment motion were defective and therefore could not be considered by the trial court; (2) two of appellee's grounds for summary judgment were based on inaccurate interpretations of the law; (3) one of appellee's grounds for summary judgment was based on an "unconstitutionally vague" statute; and (4) appellant's financial statement did in fact meet the requirements set out by Chapter 1704 of the Texas Occupa-

tion Code, hereinafter referred to as the Bail Bond Act. TEX. OCC.CODE ANN. §§ 1704.001–1704.306 (Vernon 2002).

## STANDARD OF REVIEW

Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Hughes Wood Products, Inc. v. Wagner,* 18 S.W.3d 202, 205 (Tex.2000). Summary judgment is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997); *Lake Charles Harbor & Terminal Dist. v. Board of Trustees of Galveston Wharves,* 62 S.W.3d 237, 241 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

Once the movant has established entitlement to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex. 1989). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Id.*

## WAS APPELLEE ENTITLED TO SUMMARY JUDGMENT?

In his original petition, appellant sued for reinstatement of his bail bond license. The Bail Bond Act provides that a bail bond board may deny an application for renewal of a bail bondsman's license if the board determines "a ground exists to deny

the application." TEX. OCC.CODE ANN. § 1704.162(d)(3) (Vernon 2002).

One ground for a Board's denial of a license renewal is failure to timely pay a judgment on a forfeited bond. *See Harris County Bail Bond Bd. v. Burns*, 881 S.W.2d 61, 64 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (holding that the list of reasons enumerated in the Texas Occupation Code for revoking or suspending bail bond licenses is applicable to denial of license renewals); TEX. OCC.CODE ANN. § 1704.252(8) (Vernon 2002) (providing that failure to timely pay judgments to be a ground for revocation or suspension of a bail bond license). To timely pay a final judgment on a forfeiture of a bail bond, a license holder "shall pay . . . not later than the 30th day after the date of the final judgment." TEX. OCC.CODE ANN. § 1704.204(a) (Vernon 2002).

Another ground for denial of a license renewal is failure to "comply with the requirements of an original license application." *See id.* at § 1704.162(c). An original license application must be "in the form and containing the information" prescribed by the county bail bond board and be accompanied by "a complete, sworn financial statement." *See id.* at §§ 1704.154(b)(1) and (b)(4)(A).

On April 24, 2002, when the trial court held its hearing on appellee's summary judgment motion, appellee presented undisputed evidence to show appellant had failed to meet the requirements of the Texas Occupation Code. First, appellee submitted an affidavit, investigative report, and copy of appellant's May 2001, renewal application to show appellant had failed to provide the necessary nine "schedules" required by the Board to accompany applicant's financial statements.[1] Next, appellee submitted the same affidavit, investigative report, and copy of appellant's May 2001, application to show appellant had failed to execute a properly sworn financial statement, choosing instead to proffer an oath that his one-page summary was true and correct "to the best of [his] knowledge and belief." Finally, appellee submitted the affidavit and investigative report to show that, at the time the Board held its hearing on appellant's license renewal, appellant had twelve unpaid judgments on forfeited bonds.

Because appellee presented uncontroverted summary judgment proof supporting the fact that appellant committed three acts or omissions constituting grounds upon which the Board could deny renewal of his application, appellee was entitled to summary judgment as a matter of law. The burden then shifted to appellee to present summary judgment proof raising a genuine issue of material fact precluding summary judgment. This he did not do.

## WAS APPELLEE'S SUMMARY JUDGMENT PROOF ADMISSIBLE?

In his first point of error, appellant complains that four of the six exhibits attached to appellee's motion for summary judgment are inadmissible as summary judgment proof. The exhibits are "unauthenticated, unsworn, and unsupported by affidavit," he contends; thus, they are not proper summary judgment proof. Because appellant raises his objections to this evidence for the first time on appeal,

---

1. In his brief, appellant concedes that "it may be true that the Appellant did not complete, at the board level, the precise schedules called for in the bail bond board's 'personal financial statement.'" He argues, however, that he provided the proper information in "another form." We have reviewed the evidence and conclude there is no summary judgment proof to suggest appellant provided all the information required by the Board.

however, we find appellant has waived his complaint.

Without proper objection, defects in the form of summary judgment proof are waived. TEX.R. CIV. P. 166a(f); *Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 381 (Tex.1978). This includes defects in the authentication of attachments in support of a motion for summary judgment. *Skelton v. Commission for Lawyer Discipline*, 56 S.W.3d 687, 692 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Watts v. Hermann Hosp.*, 962 S.W.2d 102, 105 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

Here, appellee presented six exhibits in support of its motion for summary judgment: Exhibit 1 was a transcript of a Board hearing which appellant attended as a member of the Board and at which new application requirements were adopted; Exhibit 2 was a copy of a uniform sworn application and financial statement for use by applicants seeking licensure from the Board; Exhibit 3 was a sworn affidavit by Hoyt Hoffman, a Board investigator; Exhibit 4 was appellant's May 11, 2001 application upon which the Board based its decision; Exhibit 5 was a copy of the relevant sections of the Bail Bond Act; and Exhibit 6 was Hoffman's investigative report on appellant's application for renewal.

Appellant objects to Exhibits 1, 2, 4 and 6 as unauthenticated hearsay, complaining that Hoffman's affidavit did not provide proper authentication. He also complains that Hoffman's affidavit lacked specificity in referencing the exhibits and that Hoffman did not say the exhibits were "true copies of the originals."

■ These objections to the form of the summary judgment proof, however, were never presented to the trial court either before or at the time of the summary judgment hearing. Thus, they were waived. *See Skelton*, 56 S.W.3d at 692; *Landry's Seafood Restaurants, Inc. v. Waterfront Cafe, Inc.*, 49 S.W.3d 544, 551 (Tex.App.-Austin 2001, pet. dism'd).

Because appellant did not timely object to the form of appellee's summary judgment proof, the exhibits are not denied probative value. *See Watts*, 962 S.W.2d at 105. Thus, we overrule appellant's first point of error.

## WAS SUMMARY JUDGMENT BASED ON INCORRECT INTERPRETATIONS OF THE LAW?

In his second and fourth points of error, appellant argues that two of appellee's grounds for summary judgment were based on incorrect interpretations of the law. Because non-renewal based on a failure to timely pay a final judgment is based on an interpretation of an old statute, and because there is no specific requirement that personal financial statements follow a prescribed form, appellant contends summary judgment was improper. We disagree.

### 1. Reliance on *Burns* was proper.

In both appellant's May 11, 2001 application to the Board and appellant's brief, appellant acknowledges he had outstanding judgments that were not paid within thirty days of the date of the final judgment on forfeited bonds. Additionally, the Board's investigator discovered at least two more undisclosed delinquent judgments that were not paid within thirty days.

■ Because such delinquent payments are, as a matter of law, grounds for denying a bail bondsman's renewal application, the Board was justified in declining to renew appellant's application on this basis. *See Burns*, 881 S.W.2d at 64–65 (failure to timely pay judgments on forfeited bonds

constitutes grounds for denial of license renewals).[2]

Appellant argues, however, that because the Texas Legislature recodified the statutes governing licensure of bail bondsmen in 1999—five years after the *Burns* decision—*Burns* no longer applies. We disagree.

First, the new act set forth in the Texas Occupation Code essentially mirrors the provisions of the former Bail Bond Act. *See* TEX. OCC.CODE ANN. § 1.001 (Vernon Supp.2003) ("This code ... contemplates a topic-by-topic revision of the state's general permanent statute law without substantive change"). Indeed, the only discernable change between former Section 8 of the superceded act and section 1704.162(d) of the current Act is that the former provided "[i]f the Applicant's current license has not been suspended or revoked ... and if the Board knows no *legal reason* why the application should not be renewed, the license may then be renewed for a period of 24 months ...," and the latter provides "[a] board may approve an application for renewal if: [t]he board does not determine that *a ground* exists to deny the application." (emphasis added). *Compare* TEX. OCC.CODE ANN §§ 1704.162, 252–53 (Vernon 2002) with TEX.REV.CIV. STAT. ANN. art. 2372p–3, § 8(a) (Vernon Supp.1994).

Second, the Legislature presumably enacted the change with complete knowledge of existing law. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990); *see also Coastal Indus. Water Auth. v.*

*Trinity Portland Cement Div.*, 563 S.W.2d 916, 918 (Tex.1978) (it is presumed the Legislature knew and adopted interpretation placed on original act and intended for new enactment to receive same construction).

Indeed, knowledge of the existing law was most likely the impetus for the change: two different courts of appeals had, prior to supreme court review, come to two radically different conclusions about whether a bail bondsman's failure to timely pay outstanding judgments on forfeited bonds could constitute a "legal reason" for denying a renewal application. *See Harris Co. Bail Bond Bd. v. Blackwood*, 2 S.W.3d 31, 37 (Tex.App.-Houston [1st Dist.] 1999) (denial of a bail bondsman's renewal application is *improper* based on failure to timely pay judgments), *rev'd* 41 S.W.3d 123 (Tex.2001); *Burns*, 881 S.W.2d at 64 (denial of a bail bondsman's renewal application is *proper* based on failure to timely pay judgments).[3] By no longer requiring a "legal reason" for denial of a bail bondsman's application, the Legislature removed the confusion and ensured the language of the statute tracked other provisions of the Act. *See, e.g.,* TEX. OCC.CODE ANN. § 1704.252 (listing the "grounds" upon which boards have discretion to revoke or suspend licenses); § 1704.253 (listing the "grounds" upon which boards are *required* to revoke or suspend licenses); § 1704.159 (enumerating what boards must do if they determine a "ground" exists to deny an application).

---

**2.** The *Burns* court reasoned that if suspension or revocation of a bail bondsman's license could take place based on failure to timely pay judgments, so, too, could denial of renewal applications. *Burns*, 881 S.W.2d at 64–65. The court's decision was based on an interpretation of TEX.REV.CIV. STAT. ANN. art. 2372p–3 § 8(a), the predecessor to subsection 1704 of the Texas Occupation Code. *Id.* at 64.

**3.** In *Burns*, this court noted there was "a significant weakness in the Act regarding the ... meaning for the term 'a legal reason.'" *Burns*, 881 S.W.2d at 64. It is this weakness that the Legislature obviously sought to remove with its recodification change.

Because we find the new law mirrors the old and the Legislature intended for the new enactment to receive the same construction as the old, we conclude *Burns* still applies and summary judgment was proper. Thus, we overrule appellant's second point of error.

### 2. Reliance on subsection 1704.162(d)(2) of the Bail Bond Act was also proper.

In his fourth point of error, appellant asserts the second ground for appellee's summary judgment was also based upon an inaccurate interpretation of law. Specifically he claims the Board's reliance on subsection 1704.162(d)(2) of the Texas Occupation Code (Bail Bond Act) was improper because there is no "requirement" under the Bail Bond Act that personal financial statements follow a form prescribed by the bail bond board. *See id.* at § 1704.162(d)(2) ("A board may approve an application for renewal if ... the application complies with the requirements of this chapter ..."). We disagree.

To become licensed under the Bail Bond Act, a person must apply for a license by filing "a sworn application with the board." *Id.* at § 1704.154(a). This application must be "in a form and contain the information prescribed by the board." *Id.* at § 1704.154(b)(1). Moreover, it is up to each county's board to determine what is required in its particular county's bail bond application. *Id.* at § 1704.101 ("A board shall: (1) exercise powers incidental or necessary to the administration of this chapter; ... (3) supervise and regulate each phase of the bonding business in the county; [and] (4) adopt and post rules necessary to implement this chapter ...").

Here, the bail bond board required Brazos County applications to contain financial statements with nine schedules of information. Additionally, it determined the financial statements were to be sworn to under "penalty of perjury." *See id.* at § 1704.154(b)(4)(A); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (holding that, unless authorized by statute, an oath is insufficient unless its allegations are direct and unequivocal and perjury can be assigned upon it).

■ Because the Board was acting within its rulemaking authority to prescribe what is included in license applications in Brazos County, and because appellant failed to comply with the Board's application requirements, appellant necessarily "failed to comply with the requirements" of the Bail Bond Act. Therefore, the Board's second ground for denying appellant's license renewal—i.e., that appellant failed to comply with the requirements of the Bail Bond Act—was based upon an accurate interpretation of the law. Thus, we overrule appellant's fourth point of error.

### IS THE BAIL BOND ACT UNCONSTITUTIONALLY VAGUE?

In his third point of error, appellant asserts the statute upon which the Board based its first ground for denial of appellant's application—namely, that appellant created a "ground" for denial when he failed to pay his final judgments in a timely manner—is unconstitutionally vague. *See* Tex. Occ.Code Ann. § 1704.162(d)(3) (Vernon 2002). Because subsection 1704.162(d) does not provide a list of offending activities or incorporate by reference the revocation and suspension criteria of subsections 1704.252 and 1704.253, he contends, ordinary bail bondsmen are not informed that failure to pay judgments within 30 days of forfeiture can result in non-renewal of their licenses. *See id.* at §§ 1704.252–.253. Appellant, however, has failed to preserve this issue for appeal.

■ Appellant has not cited, and we have not found, any place in the record showing that appellant raised this issue in his response to the Board's summary judgment. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal of a summary judgment. TEX.R. CIV. P. 166a(c); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Accordingly, we overrule appellant's fourth point of error.

### DID APPELLANT'S FINANCIAL STATEMENT MEET THE REQUIREMENTS OF THE ACT?

In his fifth and final point of error, appellant asserts that his financial statement properly met the requirements of section 1704.154 of the Bail Bond Act and so could not serve as the basis for summary judgment. We disagree.

As stated earlier, a bail bondsman's application must "be in a form and contain the information prescribed by the board." *See* TEX. OCC.CODE ANN. § 1704.154(b)(1) (Vernon Supp.2003). In Brazos County, the board—namely, appellee—has determined renewal applications must include (1) a financial statement with nine "schedules" of information, and (2) a financial statement that is sworn to "under penalty

of perjury ... [to be] a true, correct, and complete recitation of all assets and liabilities, known or contingent, of the applicant." [4]

Appellant's May 11, 2001 application, however, did *not* include the required financial statement with the prescribed nine schedules of information; rather, it included a one-page summary of appellant's assets and liabilities. Additionally, appellant's statement was not sworn to "under penalty of perjury"; rather, his oath stated only that "representations therein contained are true and correct to the best of [appellant's] knowledge and belief." Where the Texas Occupation Code has not expressly authorized an oath to be made to the best of one's knowledge or belief, such an oath is not sufficient. *See Brownlee*, 665 S.W.2d at 112 (unless authorized by statute, an oath is insufficient unless its allegations are direct and unequivocal and perjury can be assigned upon it).[5]

■ Because appellant's financial statement failed to include (1) the Board's required nine schedules, and (2) a properly-sworn oath, appellant's May 11, 2001 renewal application failed to be "in the form and contain the information prescribed by the board." *See* TEX. OCC.CODE ANN. § 1704.154(b)(1) (Vernon Supp.2003). As such, the Board was justified in denying

---

4. The form proffered by the Board for applicants to use as a template for their financial statements is an eight-page document. In addition to providing a cash flow statement and a listing of assets and liabilities, applicants are required to complete nine schedules, including (1) a list of all checking and savings accounts; (2) a list of all stocks and bonds; (3) a list of all notes and accounts receivables; (4) a list of all life insurance policies; (5) a list of all automobiles owned by applicant; (6) a list of all notes and accounts payable; (7) a list of all real estate owned; (8) a list of all mortgages payable; and (9) a list of all oil interests.

5. Appellant urges that *Brownlee's* requirement of a solemn oath is restricted only to summary judgments; however, this is not true. *See, e.g., Burke v. Satterfield*, 525 S.W.2d 950 (Tex.1975) (oath of probate administration); *Graham v. McCarty*, 69 Tex. 323, 7 S.W. 342 (1887) (plea in abatement); *Spinks v. Matthews*, 80 Tex. 373, 15 S.W. 1101 (1891) (petition for certiorari); *In the Interest of Simpson*, 932 S.W.2d 674 (Tex.App.-Amarillo 1996, no writ) (306a motion); *Int'l Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805 (Tex.App.-Fort Worth 1994, writ denied) (special appearance).

renewal of appellant's bail bond license on this ground. *See id.* at § 1704.154.

Having found the Board was justified in denying appellant's license renewal on the ground appellant failed to provide a proper financial statement with his application, we conclude the trial court did not err in granting summary judgment on this basis. Accordingly, we overrule appellant's fifth point of error.

## CONCLUSION

We affirm the trial court's judgment.