

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 8, 2005

The Honorable James M. Kuboviak
Brazos County Attorney
Brazos County Courthouse
300 East 26th Street, Suite 325
Bryan, Texas 77803-5327

Opinion No. GA-0344

Re: Whether a bail bond board may consider an individual bail bond surety's former license in determining the applicable bail bond limit under section 1704.203(f) of the Occupations Code (RQ-0315-GA)

Dear Mr. Kuboviak:

You ask whether a bail bond board may consider an individual bail bond surety's former license in determining the applicable bail bond limit under section 1704.203(f) of the Occupations Code.[1]

## I.    Background

Chapter 1704 of the Occupations Code provides for the regulation of bail bond sureties in certain counties by a bail bond board. *See* TEX. OCC. CODE ANN. §§ 1704.002-.052 (Vernon 2004). In a county with a bail bond board, a person may not act as a bail bond surety unless the person holds a license issued by the board. *See id.* §§ 1704.151 (licensing requirement), .201 (a sheriff must accept "a bail bond executed by a license holder in the county in which the license holder is licensed" if certain conditions are met).

A bail bond board is authorized, among other things, to grant or deny license and license renewal applications for individual and corporate sureties, *see id.* §§ 1704.101(6)-(7), .154-.161 (license requirements), .162 (license renewal), and to suspend or revoke licenses, *see id.* § 1704.102(a)(3). A license expires on the second anniversary after the date the license is issued or renewed, except that a bail bond surety who has held a license for at least eight consecutive years without suspension or revocation may renew the license for a period of 36 months. *See id.* § 1704.162(a), (e)-(f). Chapter 1704 requires each license to "show on its face the license expiration date and the license number." *Id.* § 1704.161(a). "The same license number must appear on each subsequent renewal license." *Id.* § 1704.161(b).

---

[1]*See* Letter and Brief from Honorable James M. Kuboviak, Brazos County Attorney, to Honorable Greg Abbott, Texas Attorney General (Feb. 3, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter and Brief respectively].

Section 1704.160 requires an individual whose license application has been conditionally approved to post security either by depositing cash or a cash equivalent with the county treasurer or by executing property deeds in trust to the bail bond board. *See id.* § 1704.160(a)(1). Section 1704.203, the provision you ask about, limits the amount of bail bonds an individual licensed under chapter 1704 may execute. *See id.* § 1704.203. The limit depends upon the amount the individual has posted as security;[2] when the individual originally obtained his or her license; and, if the individual holds a license issued on or after September 1, 1999, how long he or she has been licensed. *See id.* § 1704.203(a), (f). Section 1704.203 does not apply to corporations.[3]

More specifically, section 1704.203(a) provides that an individual who holds a license originally issued before September 1, 1999

> may not execute, and a person may not accept from the license holder, a bail bond that, in the aggregate with other bail bonds executed by the license holder in that county, results in a total amount that exceeds 10 times the value of the security deposited or executed by the license holder under Section 1704.160.

*See id.* § 1704.203(a). Section 1704.203(f), on the other hand, establishes the limit for an individual who obtained his or her license after that date:

> (f) A bail bond surety who holds a license originally issued on or after September 1, 1999, and who:
>
> (1) has been licensed for fewer than two years or has had a license under this chapter suspended or revoked may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus five times the value of property held in trust under Section 1704.160(a)(1)(B);
>
> (2) has been licensed for at least two years and fewer than four years may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus six times the value of property held in trust under Section 1704.160(a)(1)(B);
>
> (3) has been licensed for at least four years and fewer than six years may not execute, and a person may not accept from the

---

[2]*See* TEX. OCC. CODE ANN. §§ 1704.160, .203(d) (Vernon 2004) (a license holder, at any time, may increase the limits prescribed by this section by depositing or executing additional security).

[3]*See id.* § 1704.203(e) ("This section does not apply to a license holder that is a corporation.").

license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus eight times the value of property held in trust under Section 1704.160(a)(1)(B); or

> (4) has been licensed for at least six years may not execute, and a person may not accept from the license holder, bail bonds that in the aggregate exceed 10 times the value of property held as security under Section 1704.160(a)(1)(A) plus 10 times the value of property held in trust under Section 1704.160(a)(1)(B).

*Id.* § 1704.203(f). If a bail bond surety is subject to section 1704.203(f)(1) because he or she has had a license suspended or revoked and is also subject to 1704.203(f)(2), (3), or (4), the limitation imposed by 1704.203(f)(1) controls. *See id.* § 1704.203(g).

## II.    Analysis

Your query about section 1704.203(f) arises from the following situation: The Brazos County Bail Bond Board (the "Board") was created in 1983 and issued license number 1-83 in that year. *See* Brief, *supra* note 1, at 1. As required by chapter 1704 and its statutory predecessor, the individual holding license number 1-83 applied for and obtained a renewal from the Board every 24 months. *See id.* In 2001, however, the Board denied his renewal application because he had failed to timely pay judgments on forfeited bonds and had failed to submit a complete, sworn financial statement. *See id.; see also Ellen v. Brazos County Bail Bond Bd.*, 127 S.W.3d 42, 46-47, 49-50 (Tex. App.–Houston [14th Dist.] 2003, no pet.). In 2002, the individual filed a new license application with the Board, and the Board issued him a new license, license number 1-02, after he posted security as required by section 1704.160. *See* Brief, *supra* note 1, at 1.

There is now some question regarding the bail bond limit that applies to this license holder. You state that "[t]he surety believes that the Board should use his prior years of experience under license no. 1-83 in determining which subsection of 1704.203(f) applies to him." *Id.* at 1-2. Because the individual held license number 1-83 from 1983 to 2001, we gather that he believes he is entitled to execute bonds pursuant to section 1704.203(f)(4), the highest limit, which applies to individuals licensed after September 1, 1999, who have been licensed for at least six years. *See* TEX. OCC. CODE ANN. § 1704.203(f)(4) (Vernon 2004). Accordingly, you ask the following question:

> May the Brazos County Bail Bond Board aggregate a license holder's years in the bail bond business under two separate individual bail bond licenses for purposes of determining the financial capacity of the license holder under the Texas Occupations Code § 1704.203(f)?

Request Letter, *supra* note 1, at 1. In addition to asking about the Board's authority to consider an expired license, you also ask about the relevance under section 1704.203(f) of a license issued to a license holder by a bail bond board in another county. *See* Brief, *supra* note 1, at 3 (asking whether

a license holder would "also be able to aggregate the years he has been licensed under Chapter 1704 in another county").

A bail bond board is authorized to "supervise and regulate each phase of the bonding business in the county" and to "adopt and post rules necessary to implement" chapter 1704 in the county. *See* TEX. OCC. CODE ANN. § 1704.101(3)-(4) (Vernon 2004). However, a bail bond board may adopt only such rules as are authorized by and consistent with its statutory authority and may not adopt rules that impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions. *See Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 372 (Tex. App.–Corpus Christi 1999, no pet.); *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.). Thus, the Board may not, as you ask, "aggregate a license holder's years in the bail bond business under two separate individual bail bond licenses," Request Letter, *supra* note 1, at 1, to determine the applicable bail bond limit under section 1704.203(f), unless this is authorized by and consistent with the Board's statutory authority.

We construe section 1704.203(f) according to its plain language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999) (stating that a court construes a statute by looking to the plain meaning of the statute's language). We also construe it in the context of chapter 1704 as a whole. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone."); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) ("Words and phrases shall be read in context[.]").

To place the plain language of section 1704.203(f) in its proper context, we briefly examine the nature of chapter 1704 licenses. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). We note that a bail bond license issued to a license holder by a bail bond board authorizes the license holder to execute bail bonds only in the board's county and that license holders are regulated on a county-by-county basis. *See* TEX. OCC. CODE ANN. §§ 1704.101, .151, .201, .203 (Vernon 2004). It may be the case that an individual holds a bail bond license and has posted security in more than one county, but a license holder's bail bond limit in a particular county is determined by the amount of security he or she has posted in that county. *See id.* §§ 1704.160, .203(f). In addition, we note that section 1704.161 requires a bail bond board to assign a renewal license the same number as the original license. *See id.* § 1704.161(b) ("The same license number must appear on each subsequent renewal license."). Thus, under chapter 1704, a renewal license has the same status as the original license. *See id.* By contrast, when a former license holder obtains a new license, issued with a different number, *see id.* § 1704.161(a), the new license is not the same license as the former license.

Section 1704.203 establishes bail bond limits for individual license holders for bonds they execute in a particular county. *See id.* §§ 1704.160, .203(a), (f). Section 1704.203(f) establishes the bail bond limit for "[a] bail bond surety who holds a license originally issued on or after September 1, 1999." *Id.* § 1704.203(f). Because license holders are regulated on a county-by-county basis, it is clear that the word "license" means the license issued to the license holder by the county bail bond

board and not a bail bond board in another county. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (requiring a court to construe a statute in context). In addition, when considered together with section 1704.161, it is clear that section 1704.203(f) uses the term "originally" to clarify that the relevant date for a bail bond surety who holds a renewal license is the date he or she first obtained the license rather than the renewal date. *See id.* Thus, section 1704.203(f) refers to the license issued by the bail bond board that the surety currently holds and does not refer to any past, expired license or any license issued by a bail bond board in another county.

Each subpart of section 1704.203(f) refers to a bail bond surety who "has been licensed for" a certain term. TEX. OCC. CODE ANN. § 1704.203(f)(1)-(4) (Vernon 2004). In these subparts, the phrase "has been licensed for" refers to the period of time the surety has held the license established in section 1704.203(f)—the license, issued by the bail bond board, that the surety currently holds. Given the limiting language of section 1704.203(f), this phrase cannot be construed to also refer to a period of time the surety has held any other license. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). If the legislature had intended the applicable bail bond limit to also take into account time the surety has held other licenses, it would have expressly so provided.

In sum, under section 1704.203(f)'s plain terms, the only relevant license for determining the applicable bail bond limit is the license, issued by the county bail bond board, that the license holder currently holds. Thus, in answer to your first question, the Board lacks authority to aggregate a license holder's years in the bail bond business under two separate individual bail bond licenses, namely an expired license and a current license, to determine the applicable bail bond limit. Similarly, in answer to your second question, the number of years a license holder has held a license issued by a bail bond board in another county is not relevant to determining the applicable section 1704.203(f) bail bond limit for the license holder in Brazos County.

You also ask whether a license holder "is able to aggregate . . . consecutive years under a former license" to "renew his license for a period greater than 24 months under section 1704.162," which permits certain license holders who have held their licenses for at least eight consecutive years to renew every 36 months. Brief, *supra* note 1, at 3; *see also* TEX. OCC. CODE ANN. § 1704.162 (Vernon 2004). Section 1704.162(e), which extends the renewal period, applies to "[a] person who applies to renew a license *that has been held* by the person for at least eight consecutive years." TEX. OCC. CODE ANN. § 1704.162(e) (Vernon 2004) (emphasis added). By the statute's plain terms, the "eight consecutive years" requirement applies to the license the person currently holds and wishes to renew. The number of years a person held another license does not affect the number of years the person has held his or her current license. Thus, the number of years a person held a former license may not be used to determine when the person's current license expires under section 1704.162.

**S U M M A R Y**

A bail bond board may not consider an individual bail bond surety's former license or a license issued by a bail bond board in another county in determining the applicable bail bond limit under section 1704.203(f) of the Occupations Code. The number of years a person held a former license may not be used to determine when the person's current license expires under section 1704.162.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee