Elisabeth S. BROCKIE, Appellant

v.

Brian L. WEBB and the Webb Family Law Firm, P.C., f/d/a Webb, Voyles & Pruitt, P.C., f/k/a Webb & Ackels, P.C., Appellees.

No. 05–09–00833–CV.

Court of Appeals of Texas, Dallas.

Dec. 30, 2010.

Edward B. Klein, Attorney at Law, Carrollton, TX, for Appellant.

Robert M. Clark, Jr., Eddleman & Clark, Natalie L. Webb, Dallas, TX, for Appellees.

Before Justices RICHTER, LANG, and MYERS.

## OPINION

Opinion By Justice MYERS.

Elisabeth S. Brockie appeals from a judgment entered by the trial court, following a remand from this Court, awarding Brian L. Webb and the Webb Family Law Firm, P.C., $51,267.19 in attorney's fees plus post-judgment interest. In four issues, appellant takes issue with various aspects of the trial court's handling of the case upon remand, and argues the sum awarded by the trial court is not supported by legally or factually sufficient evidence. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

The underlying case in this appeal is a divorce action. In the original appeal of the above action, *Brockie v. Webb,* 244 S.W.3d 905, 908–09 (Tex.App.-Dallas 2008, pet. denied) (hereafter *Brockie I* ), Brian L. Webb and the Webb Family Law Firm, P.C. (collectively Webb) intervened in Elisabeth Brockie's divorce action seeking recovery of unpaid attorney's fees. Brockie appealed from the trial court's judgment awarding unpaid attorneys fees in the amount of $16,467.72 as well as additional attorney's fees in the amount of $33,803.95 incurred while defending Brockie's legal malpractice counterclaim. In *Brockie I,* we sustained Brockie's fourth issue and concluded the evidence was factually insufficient to support the trial court's finding that the $33,803.95 in attorney's fees awarded to Webb were "reasonable and necessary." We reversed the award of attorney's fees and remanded the issue "to the trial court for proceedings consistent with this opinion." *See id.* at 910–11.

Upon remand, the trial court held a hearing during which both sides were given time to present argument and evidence regarding the issue of necessary and reasonable attorney's fees. After hearing the evidence, which included documentary evidence and the testimony of several witnesses, the court awarded attorney's fees to Webb in the amounts of $38,524.69 and $12,742.50, with post judgment interest to accrue at the rate of five percent. This appeal followed.

## DISCUSSION

### *"Proceedings Consistent With This Opinion"*

In her first three issues, Brockie argues the trial court erred on remand by (1) entering a ruling awarding appellees attorney's fees "because its only option was to find that the evidence previously presented was insufficient to award additional attorney's fees, and enter a take-nothing judgment in favor of [a]ppellant"; (2) allowing the parties additional time on remand to argue the issue of attorney's fees and not limiting both sides to the fifteen minutes originally allotted to them in *Brockie I;* and (3) admitting documentary evidence when that evidence was available at the original trial but not produced, offered, or admitted.

■ Rule 43.2 of the Texas Rules of Appellate Procedure provides that an appellate court may: (a) affirm the trial court's judgment in whole or in part; (b) modify the trial court's judgment and affirm it as modified; (c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered; (d) reverse the trial court's judgment and remand the case for further proceedings; (e) vacate the trial court's judgment and dismiss the case; or (f) dismiss the appeal.

■ In *Brockie I,* this Court reversed the trial court's $33,803.95 award of attorney's fees and remanded that issue to the trial court for "proceedings consistent with this opinion." *Brockie I,* 244 S.W.3d at 911. Our opinion then cited the Texas Supreme Court's decision in *Bocquet v. Herring,* 972 S.W.2d 19, 21–22 (Tex.1998), where the court concluded that when an appellate court is reviewing the factual sufficiency of the evidence regarding attorney's fees, "[i]f the court finds the evidence sufficient, the district court's judgment must be affirmed; if the court finds the evidence insufficient, it may affirm conditioned on a remittitur or remand for further proceedings." The reasonableness and necessity of attorney's fees, moreover, are questions of fact. *Id.* at 21. The very nature of a remand for "proceedings consistent with this opinion" anticipates that the trial court will hold further proceedings regarding the issue that was remanded. *See* BLACK'S LAW DICTIONARY 1319 (8th ed. 2004) (defining "remand" both as a noun, *i.e.,* "[t]he act or an instance of sending something (such as a case, claim, or person) back for further action," and a verb, *i.e.,* "[t]o send (a case or claim) back to the court or tribunal from which it came for some further action ...."). This, in turn, implicitly enables the trial court to allow the parties appropriate time to present argument and evidence regarding the remanded issue, after which it renders a judgment based on the evidence presented. We find nothing in this record to suggest the trial court abused its discretion by refusing to enter a take-nothing judgment in favor of Brockie, giving the parties time to argue and present evidence, or admitting documentary evidence.

■■ Furthermore, to the extent Brockie is complaining about the trial court's administration of the case, we note that a trial court has inherent power that

it may use to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979). The trial court has vast discretion to maintain control of the proceedings before it, to expedite the proceedings, and to prevent what it considers to be the unnecessary use of its time or resources. *See Dow Chemical Company v. Francis,* 46 S.W.3d 237, 240–41 (Tex.2001). We find nothing in this record that would suggest the trial court abused that discretion. Accordingly, we resolve Brockie's first, second, and third issues against her.

### Sufficiency of the Evidence

In her fourth issue, Brockie argues the evidence is neither legally nor factually sufficient to support the judgment of $51,267.19 in Webb's favor.

In reviewing a trial court's findings of fact for legal and factual sufficiency of the evidence, we apply the same standards we apply in reviewing the evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). When the appellate record contains a reporter's record as it does in this case, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the findings. *Material P'ships, Inc. v. Ventura,* 102 S.W.3d 252, 257 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

When an appellant is challenging the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.,* 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ).

When reviewing the record, we determine whether any evidence supports the challenged finding. *BBQ Blues Texas, Ltd. v. Affiliated Business Brokers, Inc.,* 183 S.W.3d 543, 545 (Tex.App.-Dallas 2006, pet. denied). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex. 1998); *Westech Eng'g,* 835 S.W.2d at 196.

When an appellant challenges the factual sufficiency of the evidence on an issue on which it did not have the burden of proof, the appellant must demonstrate the evidence is insufficient to support the adverse finding. *Westech Eng'g,* 835 S.W.2d at 196. In reviewing this point, we consider, weigh, and examine all the evidence presented at trial. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989). We set aside the finding for factual insufficiency only if the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

In reviewing the sufficiency of the evidence supporting an award of attorney's fees, we consider the following factors: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on

results obtained or uncertainty of collection before the legal services have been rendered. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997).

■ It is not necessary that the record include evidence on each of these factors. *See Burnside Air Conditioning v. T.S. Young,* 113 S.W.3d 889, 897–98 (Tex.App.-Dallas 2003, no pet.). As a general rule, the nature and extent of the attorney's services are expressed by the number of hours and the hourly rate. *Id.* There is, however, no rigid requirement that these facts must be introduced into evidence to support a finding that attorney's fees are necessary and reasonable. *Id.; Hays & Martin, L.L.P. v. Ubinas–Brache, M.D.,* 192 S.W.3d 631, 636 (Tex.App.-Dallas 2006, pet. denied).

To recover attorney's fees under section 38.001 of the civil practice and remedies code, a party must prevail on a claim for which attorney's fees are recoverable. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (West 1997). In *Brockie I,* we concluded that attorney's fees incurred by Webb in defending against Brockie's counterclaims were recoverable. *Brockie I,* 244 S.W.3d at 910.

In its findings of fact, the trial court found Webb incurred a total of $51,267.19 in attorney's fees and costs in defending against Brockie's counterclaims, and that such fees and costs were reasonable and necessary. More specifically, the court found that professional legal services were performed on behalf of the Webb Family Law Firm by the firm of Thompson and Coe, and that Webb incurred $38,524.69 in attorney's fees and costs to Thompson and Coe in defending against Brockie's counterclaims. The trial court found that evidence of such fees was presented through fee statements for legal services and the testimony of Shawn Phelan of Thompson

and Coe, and that those fees were reasonable and necessary. The court also found that professional legal services were performed on behalf of the Webb Family Law Firm by the firm itself, and Webb incurred $12,742.50 in attorney's fees and costs in defending against Brockie's counterclaims. The trial court found that evidence of such fees was presented through fee statements and the testimony of Brian L. Webb, and that those fees were likewise reasonable and necessary. The court further found Brockie presented no testimony or evidence that the attorney's fees incurred by Webb based on their representation by Thompson and Coe were not reasonable and necessary.

Shawn Phelan, a partner in the professional liability section of Thompson and Coe, Cousins, and Irons, testified that he had been with that firm for eight years, and practiced law for sixteen years. He specialized in defending legal malpractice claims and other professional liability claims. According to Phelan, partners at Thompson and Coe were billed to clients at a rate of $250 per hour, senior associates were billed at $155 per hour, and junior associates were billed at a rate of $150 per hour. Phelan testified that he was familiar with the legal fees customarily charged in the area for similar legal services, and that he was familiar with the fees charged by lawyers in firms of similar reputation, ability, and talent.

Phelan's firm was hired on July 19, 2006, and prepared for the July 31, 2006 trial of the case. He explained that four depositions were taken or defended a week before that trial date, and he and the other attorneys preparing the case had to prepare for a "full-fledged" jury trial because Brockie requested one. There were a number of legal issues that had to be briefed and prepared for trial. Phelan noted, for example, there were "significant

concerns" regarding the defense of the counterclaim because even though Webb believed the claim had no merit, a potential judgment could have harmed his reputation and certifications. Phelan believed the balance reflected in the firm's billing statement, Intervenor's Exhibit 2, $39,772.09,[1] was a reasonable and necessary fee "given the factors of the professional conduct rules, given the time involved, the skill of the lawyers, customary fee, et cetera." Phelan agreed that the fee statements and invoices admitted into evidence would have accurately reflected his testimony had he been asked about the "items reflected and the time [he] expended."

Phelan also testified regarding the experience and qualifications of another partner in his firm, Elaine T. Lenahan, who "billed about 40 hours on this file." Phelan explained that Lenahan's experience was comparable to his own, and that she had served on the district grievance committees and had "at least equal skills and ability in defending malpractice claims." Phelan indicated that two other lawyers in his firm that assisted in the case were associates in the professional liability section who focused "a substantial part of their practice on defending legal malpractice claims and lawyers." Phelan recognized Intervenor's Exhibit 1, which contained the resumes of the Thompson and Coe lawyers that were involved in representing Webb, to be an accurate summary of their qualifications.

Brian Webb testified he has been board certified in family law since 1980, and has practiced law in Dallas County since 1975. He stated that he is "well familiar with fees charged in family law matters in this locality by lawyers of like or similar ability, reputation and skill." He also stated that he has been qualified to testify about reasonableness and necessity of attorney's fees in a number of cases in Dallas County, and has been hired as an expert to testify about the reasonableness and necessity of attorney's fees in Dallas County.

Webb testified that Intervenor's Exhibit 3 showed the time spent by his firm in the intervention from the date of the intervention until it hired Thompson and Coe, and the second page of the exhibit was redacted to show only expenses and costs incurred by Webb and the firm, which were $990.57. Webb indicated that his firm spent a total of forty-six hours handling the intervention before Thompson and Coe took over the case, and that the amount of fees incurred by the Webb Law Firm in the intervention was $12,742.50, or a total of $13,733.07 including costs. Webb was familiar with the "timekeepers" reflected in Exhibit 3 and was also familiar with the skill and ability of the lawyers and legal assistants reflected in that exhibit. He indicated that each of the lawyers and assistants shown in Exhibit 3 were qualified by experience and training to perform the services in question.

In addition, Webb testified that he was familiar with the reasonable and customary fee charged by lawyers at his firm, as shown in Exhibit 3. Webb believed the fees and expenses shown in Exhibit 3 were reasonable and necessary "to be incurred by the firm in pursuing the intervention." Webb also felt that there were "special circumstances" involved in his firm's representation of itself because Brockie's announcement that "she was no longer going to pay the outstanding balance," nor pay

1. Intervenor's Exhibit 2, entitled "Statement of Account," lists an outstanding balance on September 21, 2006, of $38,524.69, which is the amount ultimately awarded by the trial court, and additional balances of $816.25 on October 26, 2006, and $431.15 on January 1, 2007. The total amount due was $39,772.09.

the firm "go[ing] forward," and the firm's subsequent withdrawal and intervention three weeks before a "Motion to Enter" was scheduled to be heard, left the firm very little time to prepare.

Based on this record, we conclude that the award of attorney's fees is supported by sufficient evidence. Brian L. Webb and the Webb Family Law Firm showed that it incurred the $51,267.19 in attorney's fees and costs indicated in the trial court's findings, and that those fees and costs were reasonable and necessary. Brockie presented no contravening evidence. Applying the appropriate standards of review, we conclude the evidence is legally and factually sufficient to support the trial court's award of attorney's fees to Webb. We therefore overrule Brockie's fourth issue.

We affirm the trial court's judgment.