**Affirmed and Memorandum Opinion filed March 9, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00557-CV
_____

**NORIS  ROGERS, Appellant**

**V.**

**HOUSTON COMMUNITY COLLEGE, Appellee**

_____

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCV-240191**

_____

## MEMORANDUM  OPINION

Appellant Noris Rogers appeals the trial court's final judgment granting summary judgment on appellee Houston Community College's (HCC) motion.  He raises eight issues on appeal.  We affirm.

This is the second appeal in this cause.  Previously we reversed the trial court's June 2018 final judgment and remanded for further proceedings on appellant's breach of contract claim.  Pertinent to the prior appeal, HCC filed a plea to the jurisdiction arguing that it is immune from suit as a governmental

entity. Appellant alleged that he had a contract with HCC that HCC breached. We concluded that HCC failed to meet their burden to establish a lack of jurisdiction and remanded appellant's breach of contract claim for further consideration and proceedings.

## A.    Jurisdiction of the Trial Court

In his first issue, appellant contends the trial court lacked jurisdiction to reconsider HCC's arguments on remand because more than three years had passed since the trial court rendered the June 2018 final judgment and, as a result, the trial court lacked plenary power. However, as stated in our prior opinion and judgment, we upheld a portion of the trial court's judgment and reversed and remanded "for further proceedings" that portion regarding the breach of contract issue. As a result, the trial court regained jurisdiction and plenary power over the proceedings because there was no longer a final judgment. *See* Tex. R. App. P. 43.2; *see also Brockie v. Webb*, 331 S.W.3d 135, 137 (Tex. App.—Dallas 2010, no pet.) ("The very nature of a remand for 'proceedings consistent with this opinion' anticipates that the trial court will hold further proceedings regarding the issue that was remanded."). We overrule appellant's first issue.

## B.    Res Judicata and Collateral Estoppel

In his second issue, appellant argues that the doctrines of res judicata and collateral estoppel bar HCC's arguments. This argument also appears to be based on the assumption that because there was a "final judgment" that appellant successfully appealed in part, that HCC was somehow barred from raising, and providing additional evidence of, the arguments it made previously to establish governmental immunity. However, there is no final judgment to support appellant's res judicata argument. Appellant further argues that HCC lost its immunity argument in an "earlier suit." There was, however, no earlier suit and

2

HCC did not lose on this issue. Instead, HCC did not meet its burden and the issue was remanded. Appellant fails to show a final judgment or second suit involving the same parties and subject matter. Instead, appellant points to the prior judgment that this court remanded. *See Brockie*, 331 S.W.3d at 137 ("This, in turn, implicitly enables the trial court to allow the parties appropriate time to present argument and evidence regarding the remanded issue, after which it renders a judgment based on the evidence presented."). We overrule appellant's second issue.

## C.    Admission of Evidence

In appellant's third issue he argues that the trial court erred in admitting certain evidence over his objection.[1] Appellant makes multiple arguments regarding the admissibility of the affidavits and other evidence submitted with HCC's summary judgment motion. We address each below.

First, appellant argues that one of the affidavits is not an "affidavit" at all because it lacks the signatures of both the affiant and the authorized officer. However, both signatures are electronically affixed to the affidavit. *See* Tex. Gov't Code § 406.101–.113. Appellant cites to no case law or statute to support his argument that an electronic signature is "no signature." *See id.* § 406.101(6) ("'Electronic signature' means an electronic sound, symbol, or process attached to or logically associated with an electronic document and executed or adopted by a person with the intent to sign the document.").

---

[1] In appellant's "Issues Presented" section of his appellate brief, he only presents one question to be resolved by this court: "Whether TRCP 193.6 bars [HCC's] summary-judgment evidence." However, within the body of the brief there are three different subheadings arguing points about the affidavits submitted by HCC in support of its motion for summary judgment. We address these evidentiary issues together.

Appellant raises the following objections to one or more of the affidavits submitted to support HCC's motion for summary judgment:

- The affiants lack personal knowledge;
- The affidavit is not readily controvertible;
- The affidavit contains inadmissible hearsay;
- The affiant is not the "official custodian of the minutes, books, and records" of HCC under section 130.082(d) of the Texas Education Code. *See* Tex. Educ. Code § 130.082(d). However, this is an objection based on hearsay and that HCC failed to meet the exception under Rule 803(6). *See* Tex. R. Evid. 803(6) (defining exceptions to the rule against hearsay);
- The affidavits are barred under Rule 193.6 of the Rules of Civil Procedure; and
- The documents attached to an affidavit are "not HCC Board Policy as [the affidavit] purports."

Appellant also admits that he raised these objections to the trial court but failed to obtain any ruling. *See FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022) ("[T]o complain on appeal about defects in the form of summary judgment evidence, a party must both timely object and secure a ruling from the trial court on the objection."). As a prerequisite to presenting a complaint for appellate review the record must demonstrate that the trial court either expressly or implicitly ruled on the objection or refused to rule on the objection and the complainant objected to that refusal. *See* Tex. R. App. P. 33.1(a); *Trevino v. City of Pearland*, 531 S.W.3d 290, 299–300 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Wells Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) ("[A] trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply 'not capable of being understood' from the ruling on the motion for summary judgment.").

4

Because appellant did not obtain a ruling on his objections they are not preserved. *See Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) (personal knowledge); *Seidner v. Citibank (S. Dakota) N.A.*, 201 S.W.3d 332, 335 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (hearsay); *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 589 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (affidavit not readily controverted); *FieldTurf USA, Inc.*, 642 S.W.3d at 837; *Seidner*, 201 S.W.3d at 335 (business records affidavit and exhibits attached thereto); *Trevino*, 531 S.W.3d at 300 (Rule 193.6 of the Rules of Civil Procedure); *Ellen v. Brazos Cnty. Bail Bond Br.*, 127 S.W.3d 42, 46 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (improper authentication).[2]

We overrule appellant's third issue.[3]

**D.    Summary Judgment**

In appellant's fourth and fifth issues, he contends that the trial court erred in granting summary judgment and dismissing his claims against HCC. Appellant contends that he entered into a "unilateral contract" with HCC and that because the legislature has waived immunity as "to local governmental entities that entered into contracts for goods and services" that the trial court has jurisdiction over his claim against HCC.

---

[2] In this case, an objection to the alleged improper authentication is required because the affidavit provides the foundation for authenticating the records attached thereto. *See Ellen*, 127 S.W.3d at 46. Thus, there is not a "complete absence of authentication." *See In Estate of Guerrero*, 465 S.W.3d 693, 706–07 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc) (noting complete lack of authentication is a defect of substance that does not require an objection or ruling from the trial court and may be raised for the first time on appeal).

[3] Appellant requests that this court take judicial notice of HCC's current board policies. Even if we took judicial notice of such policies, it would not change our disposition on this issue.

HCC argues that even if the documents submitted by appellant are a "contract," they do not meet all the requirements of the Government Code—namely that the alleged contract is not properly executed on behalf of the local government entity. Because the alleged contract is not properly executed, there is no waiver of governmental immunity. HCC contends that it conclusively showed that the alleged contract was not properly executed, and the trial court's summary judgment should be affirmed.

"We review an order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). "To be entitled to traditional summary judgment, the movant has the burden to prove that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Id.* A traditional motion for summary judgment can only be granted after the defendant establishes as a matter of law that the trial court lacks subject-matter jurisdiction over the plaintiff's claims. *Woods*, 388 S.W.3d 792. It is HCC's burden of proving the trial court's lack of jurisdiction. *See id.*; *see also Miranda*, 133 S.W.3d at 228 (standard for considering evidence in a plea to the jurisdiction mirrors that of a traditional motion for summary judgment).

HCC is a local governmental entity as defined by section 271.151(3) of the Local Government Code. *See* Tex. Local Gov't Code § 271.151(3)(B). "The authority to enter into contracts also may be dictated by various documents adopted by a governmental entity for its own governance, such as city ordinances, charters, by-laws, or resolutions." *Hous. Auth. of City of Dallas v. Killingsworth*, 331 S.W.3d 806, 811 (Tex. App.—Dallas 2011, pet. denied).

HCC argued and presented evidence that appellant did not have a contract that was "executed on behalf of the local government entity" as required to waive governmental immunity under section 271.151(2). *See* Tex. Gov't Code § 271.151(2). Per HCC's procedures:

> All HCC employees who do no hold employment contracts authorized by the Board are employed at-will and have no entitlement to continued employment. At-will employees are hired by the Chancellor or designee. At-will employees . . . may be released or terminated at any time, for any reason or for no reason, but not for an illegal reason.

The procedures further provide that the "use of these descriptions is not intended to alter the at-will status of any employee." HCC presented evidence of the lack of any board action to "grant or delegate authority to award an employment contract to [appellant]." The evidence further demonstrated that HCC has never "recommended, awarded, or approved a written employment contract with HCC to [appellant]." Thus, HCC presented evidence conclusively establishing a lack of execution on its behalf pursuant to its policies, procedures, and authority. *See Houston Comm. Coll. Sys. v. HV BTW, LP*, 589 S.W.3d 204, 213–14 (Tex. App.— Houston [14th Dist.] 2019, no pet.) (holding where evidence showed HCC's representative had authority to sign contract per HCC's policies and procedures, there was a fact issue on whether the contract was properly executed). In response, appellant has presented no evidence showing that the alleged contract was "properly executed on behalf of" HCC or that his "at-will" status was altered in accord with the policies and procedures of HCC.

Appellant instead contends that he had a unilateral contract with HCC. However, the record does not support his contention. The record includes the procedures and policies of HCC, as well as the documents appellant alleges comprise his employment contract. The procedures clearly indicate that all

7

contracts are at-will unless they are approved by the Board. HCC presented evidence that the Board never approved the contract with appellant. Appellant failed to present any evidence that his alleged contract was approved by the Board and thus no longer considered at-will. *See Seals v. City of Dallas*, 249 S.W.3d 750, 757 (Tex. App.—Dallas 2008, no pet.) (concluding policies and procedures clearly indicated that employment was at-will and there was no evidence showing employment was anything but "at-will" to waive governmental immunity). As a result, the trial court properly granted HCC's motion for summary judgment.

Having overruled appellant's dispositive issues on appeal, we affirm the judgment of the trial court.



/s/     Ken Wise
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.