**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**06/30/15**

**CECILE FOY GSANGER, CLERK**
BY cholloway

ACCEPTED
13-15-00095-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/30/2015 3:17:15 PM
CECILE FOY GSANGER
CLERK

## NO. 13-15-00095-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/30/2015 3:17:15 PM
CECILE FOY GSANGER
Clerk

_____

NADIR N. ALI and MUMTAZ ALI
Appellants

v.

FLESSNER ENTERPRISES, INC.
Appellee

_____

Appeal from Cause No. 13-03-22,628
In the District Court of DeWitt County, Texas; 135th Judicial District

_____

**APPELLANTS' BRIEF**

_____

THE WERNER LAW GROUP
Leslie A. Werner
PO Box 247
Victoria, Texas 77902
361-578-7200
361-485-1949 fax
SBN 21190150
Attorney for Appellants
Nadir and Mumtaz Ali

ORAL ARGUMENT IS REQUESTED

## INTERESTED PERSONS OR PARTIES

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel.

Appellants
Nadir N. and Mumtaz Ali

Appellant's Trial Counsel
Kenneth E. Kvinta
KENNETH E. KVINTA, P.C.
403 W. Grand Avenue
Yoakum, Texas 77995

Appellant's Appellate Counsel
Leslie A. Werner
THE WERNER LAW GROUP
PO Box 247
Victoria, Texas 77902

Appellee
Flessner Enterprises, Inc.

Appellee's Trial Counsel
Robert C. Lassmann
307 N. Gonzales
Cuero, Texas 77954

Appellant's Appellate Counsel
Cynthia Shepard
PO Box 67
Cuero, Texas 77954

# TABLE OF CONTENTS

Interested Persons or Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xv

I.     Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV.    Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . 10

Issue No. 1:
Claims for breach of a construction contract must be instituted
within four years of the date the work was substantially completed.
Where the great weight and preponderance of the evidence established
the last date the work was substantially completed was more than four
years prior to the date suit was filed, the trial court erred in entering judgment
for FEI.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     A.     Standard of Review and Burden of Proof. . . . . . . . . . . . . . . 11

     B.     FEI not Entitled to the Evidentiary Presumption
        of a Suit on Sworn Account. . . . . . . . . . . . . . . . . . . . . 12

     C.     Effect of Trial Court's Findings of Fact Where
        Prima Facie Right to Recovery is Defeated. . . . . . . . . . . . 12

     D.     The Statute of Limitations Barred FEI's Claim. . . . . . . . . . . 14

1. FEI's substantial completion running of the statute of limitations on March 16, 2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

2. Demand for Payment does not Trigger the Statute of Limitations. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

E. Conclusion to Issue No. 1. . . . . . . . . . . . . . . . . . . . . . . . . . 17

Issue No. 2:
In order to prevail on a breach of contract action, the agreement must be in writing and signed by the person against whom liability is sought. Where there was no evidence of a contract in writing, signed by Ali, the trial court erred in entering judgment against them. . . . 18

A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

B. No Findings with Respect to the Statute of Frauds. . . . . . . . . 19

C. The Statute of Frauds Applies to Bar FEI's Ability to Recover Damages . . . . . . . . . . . . . . . . . . . . . . . . . . 19

1. No Contract in Writing. . . . . . . . . . . . . . . . . . . . . . . . 20

2. Oral Contract not Sufficiently Specific. . . . . . . . . . . . . 22

a. Elements Necessary for Contract Formation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

b. Testimony Established All Elements for Contract Formation not Present. . . . . . . . . . . . . 24

D. The Testimony Establishes Propositions Contrary to the Court's Findings and Conclusions . . . . . . . . . . . . . . . . 24

E. Conclusion to Issue No. 2. . . . . . . . . . . . . . . . . . . . . . . . . . 26

Issue No. 3:
To be entitled to attorney's fees there must be a statute or
contract authorizing the award of attorney's fees and there must
be evidence to support the amount of attorney's fees requested.
Where the record is devoid of any evidence to support the award of
attorney's fees, the trial court erred in awarding FEI attorney's fees
in the amount of $4,500.00. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

    A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

    B.    Law Relating to Attorney's Fees. . . . . . . . . . . . . . . . . . . . . . 28

    C.    The Court's Findings and Conclusions are not
        Supported by Legally Sufficient Evidence.. . . . . . . . . . . . . . . 29

        1.    Where Contract Claim Fails, Claim for
                Attorney's Fees Fails. . . . . . . . . . . . . . . . . . . . . . . . . . 30

        2.    There is no Evidence to Support Award
                of Attorney's Fees Even if the Contract was
                Enforceable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    D.    Conclusion to Issue No. 3.. . . . . . . . . . . . . . . . . . . . . . . . . . 31

Issue No. 4:
When requested to do so, a trial court shall file any additional or
amended findings and conclusions that are appropriate. Where
Ali requested additional or amended findings of fact and conclusions
of law to support their limitations defense, the trial court erred in failing
to sign same.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

    A.    The Law Related to Additional Findings. . . . . . . . . . . . . . . . . 32

    B.    Trial Court's Findings and Conclusions did not
        Address Ali's Affirmative Defense of Limitations. . . . . . . . . . . 34

    C.    Ali's Ability to Present Appeal Hindered by Trial
        Court's Failure to File Additional Findings and
        Conclusions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

     D.     Conclusion to Issue No. 4.. . . . . . . . . . . . . . . . . . . . . . . . . 35

V.    Conclusion and Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Appendix

**INDEX OF AUTHORITIES**

## Cases

Adams v. H & H Meat Prods., 41 S.W.3d 762
(Tex. App.--Corpus Christi 2001, no pet.). . . . . . . . . . . . . . . . . . . . 13

Advantage Physical Therapy, Inc. v. Cruse, 165 S.W.3d 21
(Tex. App.--Houston [14th Dist.] 2005, no pet.). . . . . . . . . . . . . . . . 22

Allamon Tool Co. v. Derryberry, 2007 Tex. App. LEXIS 8858
(Tex. App.--Beaumont 2007, no pet.).. . . . . . . . . . . . . . . . . . . . . . . 21

Anderson v. Vinson Exploration, 832 S.W.2d 657
(Tex. App.--El Paso 1992, writ denied). . . . . . . . . . . . . . . . . . . . . . 16

Angelou v. African Overseas Union, 33 S.W.3d 269
(Tex. App.--Houston [14th Dist.] 2000, no pet.)... . . . . . . . . . . . . . . 23

Arthur Andersen & Co. v. Perry Equip. Corp.,
945 S.W.2d 812 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . 28, 31

Assoc. Tel. Directory Publishers v. Five D's Publishing Co.,
849 S.W.2d 894 (Tex. App.--Austin 1993, no writ).. . . . . . . . . . . . . 32

Beal Bank, S.S.B. v. Schleider, 124 S.W.3d 640
(Tex. App.--Houston [14th Dist.] 2003, pet. denied).. . . . . . . . . . . . 24

Bennett v. Spectrum Constr., Inc., 2012 Tex. App. LEXIS 9629
(Tex. App.–Houston [1st Dist.] 2012, no pet.). . . . . . . . . . . . . . . . . 19

Brockie v. Webb, 331 S.W.3d 135
(Tex. App.–Dallas 2010, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Buckeye Ret. Co., L.L.C. v. Bank of Am., N.A., 239 S.W.3d 394
(Tex. App.--Dallas 2007, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . 33

Catalina v. Blasdel, 881 S.W.2d 295 (Tex. 1994). . . . . . . . . . . . . . . . . . . 13

Christus Health v. Quality Infusion Care, Inc., 359 S.W.3d 719
(Tex. App.--Houston [1st Dist.] 2011, no pet.). . . . . . . . . . . . . . . 12

City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . 25

City of McAllen v. Ramirez, 2013 LEXIS 8887
(Tex. App.--Corpus Christi) *vacated on other grounds,*
2013 Tex. App. LEXIS 13785
(Tex. App.--Corpus Christi 2013, no pet.) . . . . . . . . . . . . . . . . . . . 33

Cohen v. McCutchin, 565 S.W.2d 230 (Tex. 1978) . . . . . . . . . . . . . . . . . 21

Coward v. Gateway Nat'l Bank, 525 S.W.2d 857 (Tex. 1975) . . . . . . . . . 30

CraneTex, Inc. v. Precision Crane & Rigging of Houston, Inc.,
760 S.W.2d 298 (Tex. App.--Texarkana 1988, writ denied) . . . . . 16

Croucher v. Croucher, 660 S.W.2d 55 (Tex. 1983). . . . . . . . . . . . . . . . . 27

Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951). . . . . . . . . . 22

Dow Chem. Co. v. Francis, 46 S.W.3d 237 (Tex. 2001). . . . . . . . . . . . . 18

El Apple I, Ltd. v. Olivas, 370 S.W.3d 757 (Tex. 2012). . . . . . . . . . . . . . 31

Estate of Eberling v. Fair, 546 S.W.2d 329
(Tex. Civ. App.--Dallas 1976, writ ref'd n.r.e.). . . . . . . . . . . . . . . . 20

Federal Sign v. Texas So. Univ., 951 S.W.2d 401 (Tex. 1997). . . . . . . . 24

Ford Motor Co. v. Nowak, 638 S.W.2d 582
(Tex. App.–Corpus Christi 1982, writ ref'd n.r.e.). . . . . . . . . . . . . . 11

Formosa Plastics Corp. USA v. Presidio Engr's & Contractors, Inc.,
960 S.W.2d 41 (Tex. 1998)                                        27

Foreman v. Graham, 363 S.W.2d 371
(Tex. Civ. App.--Beaumont 1962, no writ). . . . . . . . . . . . . . . . . . . 17

Fort Worth Indep. Sch. Dist. v. City of Fort Worth,
    22 S.W.3d 831, 846 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Gaede v. SK Invs., Inc., 38 S.W.3d 753
    (Tex. App.--Houston [14th Dist.] 2001, pet. denied) . . . . . . . . . . . 22

Garrod Invs., Inc. v. Schlegel, 139 S.W.3d 759
    (Tex. App.—Corpus Christi 2004, no pet.) . . . . . . . . . . . . . . . 29, 31

Gen. Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d 702
    (Tex. App.--Houston [14th Dist.] 2007, pet. denied). . . . . . . . . . . . 33

Geotech Energy Corp. v. Gulf States Telecom. and Info. Sys., Inc.,
    788 S.W.2d 386 (Tex. App.--Houston [14th Dist.] 1990, no writ). . . 16

Gerdes v. Mustang Exploration Co., 666 S.W.2d 640
    (Tex. App.--Corpus Christi 1984, no writ. . . . . . . . . . . . . . . . . . . . 24

Godde v. Wood, 509 S.W.2d 435
    (Tex. Civ. App.–Corpus Christi 1974, writ ref'd n.r.e.). . . . . 15, 17, 35

Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91 (Tex 1999). . . . . . . . . . . 27

Hubble v. Lone Star Contracting Corp., 883 S.W.2d 379
    (Tex. App.–Fort Worth 1994, pet. denied). . . . . . . . . . . . . . . . . . . . 35

In re King's Estate, 244 SW.2d 660, 661 (Tex. 1951).. . . . . . . . . . . . . . 11

In Re Lesikar, 285 S.W.3d 3d 577
    (Tex. App.–Houston [14th Dist] 2009, no pet.).. . . . . . . . . . . . . . . . 27

In re R.D.Y., 51 S.W.3d 314
    (Tex. App.–Houston [1st Dist.] 2001, pet. denied).. . . . . . . . . . . . . 35

In the Interest of Striegler, 915 S.W.2d 629
    (Tex. App.--Amarillo 1996, writ denied). . . . . . . . . . . . . . . . . . . . . . 30

Integrated of Amarillo, Inc. v. Pinkston-Hollar Constr. Servs.,
2013 Tex. App. LEXIS 4216
(Tex. App.--Amarillo Apr. 2, 2013, pet. filed). . . . . . . . . . . . . . 15, 34

Labor Ready Central L.P. v. Gonzalez, 64 S.W.3d 519
(Tex. App.--Corpus Christi 2001, no pet.). . . . . . . . . . . . . . . . . 23

Levin Law Group, P.C. v. Sigmon, 2010 Tex. App. LEXIS 352
(Tex. App.--Houston [14th Dist.] 2010, pet. filed) . . . . . . . . . . . . 23

Loomis v. Republic Nat'l Bank, 653 S.W.2d 75
(Tex. App.--Dallas 1983, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . 17

Luna v. Luna, 2011 Tex. App. LEXIS 3267,
App.--Corpus Christi 2011, no pet.). . . . . . . . . . . . . . . . . . . . . 23

MBM Fin. Corp. v. The Woodlands Operating Co.,
292 S.W.3d 660 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . 26

McDonald v. Fox, 2012 Tex. App. LEXIS 9518
(Tex. App. Corpus Christi 2012, no pet.). . . . . . . . . . . . . . . . 29, 31

McNeil v. Pierce, 688 S.W.2d 209
(Tex. App.-El Paso 1985, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . 12

Meru v. Huerta, 136 S.W.3d 383
(Tex. App.--Corpus Christi 2004, no pet.). . . . . . . . . . . . . . . . . 19

Moki Mac River Expeditions v. Drugg,
221 S.W.3d 569 (Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . 19

Moreno v. Sterling Drug, 787 S.W.2d 348 (Tex. 1990). . . . . . . . . . . . . . 14

Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826 (Tex. 1990). . . . . . 14

Ocean Transp. v. Greycas, Inc., 878 S.W.2d 256, 267
(Tex. App.--Corpus Christi 1994, writ denied). . . . . . . . . . . . . . . 14

O'Farrill Avila v. Gonzalez, 974 S.W.2d 237
(Tex. App.--San Antonio 1998, pet. denied). . . . . . . . . . . . . . . . . . 20

Ortiz v. Jones, 917 S.W.2d 770 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . 13

Pakdimounivong v. City of Arlington, 219 S.W.3d 401
(Tex. App.–Fort Worth 2006, pet. denied). . . . . . . . . . . . . . . . . . . 35

Parker Drilling Co. v. Romfor Supply Co., 316 S.W.3d 68
(Tex. App.-- Houston [14th Dist.] 2010, pet. denied). . . . . . . . . . . 23

PennWell Corp. v. Ken Associates, Inc., 123 S.W.3d 756
(Tex. App.—Houston [14th Dist] 2003, pet. denied). . . . . . . . . . . . 12

Powers v. Adams, 2 S.W.3d 496
(Tex. App.--Houston [14th Dist.] 1999, no pet.). . . . . . . . . . . . 12, 14

Rafferty v. Finstad, 903 S.W.2d 374
(Tex. App.--Houston [1st Dist.] 1995, writ denied) . . . . . . . . . . . . 33

Rich v. Olah, 274 S.W.3d 878
(Tex. App.–Dallas 2008, no pet.) . . . . . . . . . . . . . . . . 13, 32, 33

Rizk v. Fin. Guard. Ins. Agency, Inc., 584 S.W.2d 860 (Tex. 1979). . 12, 14

SDN, Ltd. v. JV Rd., L.P., 2010 Tex. App. LEXIS 2206
(Tex. App.--Austin 2010, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 21

Searcy v. DDA, Inc., 201 S.W.3d 319
(Tex. App.--Dallas 2006, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 20

Ski River Development, Inc. v. McCalla, 167 S.W.3d 121
(Tex. App.--Waco 2005, pet. denied). . . . . . . . . . . . . . . . . 20, 22

Southwest Grain Co. v. Pilgrim's Pride S.A. de C.V.,
2010 LEXIS 5014
(Tex. App.--Corpus Christi 2010, pet. denied). . . . . . . . . . . . . 29, 31

State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430 (Tex. 1995). . . 29, 30

Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1 (Tex. 1991). . . . . . . . . 28

T. O. Stanley Boot Co. v. Bank of El Paso,
847 S.W.2d 218 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299 (Tex. 2006). . . . . . 26

Vickery v. Comm'n for Lawyer Discipline, 5 S.W.3d 241
(Tex. App.--Houston [14th Dist.] 1999). . . . . . . . . . . . . . . . . . . 13, 33

Wayne v. A.V.A. Vending, Inc., 52 S.W.3d 412
(Tex. App.--Corpus Christi 2001, pet. denied). . . . . . . . . . . . . . . . 27

Wibbenmeyer v. TechTerra Communs., Inc., 2010 LEXIS 2203
(Tex. App.--Austin 2010, pet. denied). . . . . . . . . . . . . . . . . . . . . . 27

Winters v. Arm Refining Co., Inc., 830 S.W.2d 737
(Tex. App.--Corpus Christi 1992, writ denied). . . . . . . . . . . . . . . . 13

Woods v. William M. Mercer, Inc., 769 S.W.2d 515 (Tex. 1988). . . . . . . . 12


**Rules and Statutes**

TEX. BUS. & COM. CODE § 2.201(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a) (3). . . . . . . . . . . . . . . 14, 34

TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) . . . . . . . . . . . . . . . . . 30, 31

TEX. CIV. PRAC. & REM. CODE ANN. § 38.004. . . . . . . . . . . . . . . . . . . . . . 30

TEX. R. APP. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. P. 43.2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

TEX. R. CIV. P. 94. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. R. CIV. P. 185. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 25

TEX. R. CIV. P. 298.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**<u>Secondary Authority</u>**
BLACK'S LAW DICTIONARY 1510 (8th ed. 2004). . . . . . . . . . . . . . . . . . . 20

RESTATEMENT (SECOND) OF CONTRACTS § 33(1) (1981). . . . . . . . . . . . . . 22

RESTATEMENT (SECOND) OF CONTRACTS § 33(2) (1981). . . . . . . . . . . . . . 22

## STATEMENT OF THE CASE

*Nature of the Case*:

This is an appeal from a bench trial on a suit on sworn account/breach of contract claim. [CR 76]

*Course of the Proceedings:*

Plaintiff filed its original petition [CR 4] and thereafter, Defendants moved for summary judgment based on limitations. [CR 33] After conducting a hearing on the motion, the trial court denied same [CR 69] and the case proceeded to trial.

*The Trial Court's Disposition:*

On October 17, 2014, the trial court conducted an evidentiary hearing, and entered judgment in favor of Plaintiff on December 3, 2014. [CR 70]

# ISSUES PRESENTED

1. Claims for breach of a construction contract must be instituted within four years of the date the work was substantially completed.  Where the great weight and preponderance of the evidence established the date the work was substantially completed to be more than four years prior to the date suit was filed, the trial court erred in entering judgment for FEI.
(Germane to FF # 2, 3, 4, 5, and 6 and CL # 1 and Requested Amended FF # 1, 3, 4, CL 1, 2 and 3)

2. In order to prevail on a breach of contract action, the agreement must be in writing and signed by the person against whom liability is sought.  Where there was no evidence of a contract in writing, signed by Ali, the trial court erred in entering judgment against them. .
(Germane to FF # 2, 3, 4, 5, and 6 and CL # 1 )

3. To be entitled to attorney's fees there must be a statute or contract authorizing the award of attorney's fees and there must be evidence to support the amount of attorney's fees requested. Where the record is devoid of any evidence to support the award of attorney's fees, the trial court erred in awarding FEI attorney's fees in the amount of $4,500.00
(Germane to Requested Amended FF # 1, 3, 4, CL 1, 2 and 3)

4. When requested to do so, a trial court shall file any additional or amended findings and conclusions that are appropriate. Where Ali timely requested additional or amended findings of fact and conclusions of law to support their limitations defense, the trial court erred in failing to sign same.
(Germane to Requested Additional Findings and Conclusions [Supp. CR 6-7)

**NO. 13-15-00095-CV**


IN THE COURT OF APPEALS
FOR THE THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

_____


NADIR N. ALI and MUMTAZ ALI
Appellants

v.

FLESSNER ENTERPRISES, INC.
Appellee


_____

Appeal from Cause No. 13-03-22,628
In the District Court of DeWitt County, Texas; 135th Judicial District
_____

**APPELLANTS' BRIEF**
_____


TO THE HONORABLE JUSTICES OF SAID COURT:

COME NOW the Appellants, Nadir N. Ali and Mumtaz Ali (collectively

referred to as "Ali,") and pursuant to the authority of Tex. R. App. P. 38, file

their Appellants' Brief, respectfully showing the Court the trial court erred in

entering judgment in favor of Appellee Flessner Enterprises, Inc. ("FEI").

## I. PROCEDURAL BACKGROUND

This is a breach of contract/suit on sworn account case filed on March 28, 2013 by FEI against Ali for electrical work performed by FEI on a building owned by Ali [CR 2]. According to FEI's verified Original Petition, the last date FEI performed work for Ali was March 16, 2009. [CR 15]

Ali filed an Original Answer [CR 30] asserting a general denial, a verified denial of the claim, and the affirmative defenses of limitations, laches and statute of frauds. Ali filed a motion for summary judgment, asserting the four-year statute of limitations barred FEI's claim. [CR 33-34] FEI filed a response, claiming the last date of services provided to Ali fell within the four-year limitations period. [CR 63]

The trial court denied Ali's motion for summary judgment [CR 69] and the case proceeded to trial. After the conclusion of testimony, the court entered judgment on December 3, 2014 in favor of FEI in the amount of $145,543.37, and awarded attorney's fees in the amount of $4,500. [CR 70]

Ali timely filed a request for findings of fact and conclusions of law. [CR 72] When same were not signed, Ali filed a Notice of Past Due Findings of Fact and Conclusions of Law. [CR 74] The findings of fact and conclusions of law were signed on February 6, 2015. [Supp. CR 4]

TEX. R. CIV. P. 298 requires that any additional or amended findings of fact and conclusions of law shall be filed within ten days of the date the trial court filed the original findings of fact and conclusions of law. Because the filed findings and conclusions did not address any of the affirmative defenses pled and proved by Ali, Ali prepared and timely[1] filed a Request for Additional Findings of Fact and Conclusions of Law and attached proposed findings. [Supp. CR 6, 8] The only objection raised by FEI to the requested additional findings and conclusions addressed the date services were last provided by FEI to Ali. [Supp. CR 10]

Ali filed their Notice of Appeal on February 19, 2015. [CR 76]

## II.   STATEMENT OF FACTS

Rodney Flessner ("Flessner") is the owner of FEI. (RR 6)[2] In 2009 and prior thereto, Flessner had provided electrical services and goods to Ali at FasTrak Express. (RR 6) Flessner stated that on March 30, 2009, he provided a bill to Ali for the electrical work done at FasTrak. (RR 7) (Pl. Ex. 1)[CR 40-62] The bill contained a summary on page one, followed by invoices showing the hours worked, by whom, and what materials were used on the job. (RR 7-8)

---

[1]See Request for Additional Findings of Fact and Conclusions Law [Supp. CR 8, fn 1] (Apx. Tab 3)

[2]All "RR" record references are to volume 2 of 3 of the reporter's record.

3

Flessner stated he had kept a record of the work as the job progressed, that this is done in the normal course of his business, and the items on the invoices reflect the goods and services that were rendered to Ali at the FasTrak store. (RR 8) He further stated the account was just and true and that all offsets and payments made had been credited. (RR 9) Flessner kept a systematic record of the time and materials and that such time and materials were reflected in Plaintiff's Exhibit 1. (RR 17)

Pursuant to the invoices, materials totaled $50,045.64; (RR 9) labor costs were $95,920.25; sales tax equaled $12,042.19. (RR 10) The total amount of the bill was $145,543.37. (RR 10)

Flessner confirmed the last date billed for labor was March 16, 2009. (RR 11) Flessner hedged that date by stating he performed other services, such as warranty work and "punch list things" through June of 2009. (RR 11) However, any worked performed by FEI past March 16, 2009 was not charged to Ali. (RR 11)

Plaintiff's Exhibit 2, admitted over Ali's objection, (RR 30) is a flashdrive containing 62 pictures. When asked what date the photographs were taken, Flessner stated, "if I have to guess, sir, educated guess, I would say probably the latter part of 2006." (RR 30)

Prior to the March 30, 2009 bill, Flessner had previously sent Ali a bill on February 25, 2007 in the amount of $7,535.29. [CR 41][3] This bill was paid. (RR 33) No other bill was generated until the March 30, 2009 bill.[4] (RR 3) Also part of Pl. Ex. 1 is the "time sheet for Fastrak Express – Daily Log." [CR 42, 44-62] Flessner did not prepare the entries as they occurred. Instead, he prepared the entries at the end of the job, when the work was completed; the entries were all made on the same day. (RR 36)

Flessner did not prepare a written estimate of the work to be performed; there was no written contract. (RR 38) It was a "handshake" deal. (RR 38) Although Flessner stated he told Ali labor for the project would run around $3,000 per week, (RR 43) a price for the contract as a whole was not discussed. (RR 38)

With respect to the "parts" portion of the invoice, Flessner admitted there were no dates on the invoice referencing when the parts were used. (RR 41) The last day of work performed, as noted on the invoice, was March 16, 2009. [CR 48] He further admitted that FEI never sent Ali a demand letter. (RR 47)

---

[3]*See* Additional Findings of Fact, No. 3. [Supp. CR 6]

[4]*See* Additional Findings of Fact, No. 2. [Supp. CR 6]

FEI rested its case and Nadir Ali was called to testify. He owned the FasTrak Express store where FEI performed the work in question for about three years. (RR 49) After he had purchased the store, Ali hired FEI to perform electrical work such as redoing the wiring. (RR 49) This electrical work was performed in conjunction with a complete overhaul of the store performed by other trades people. (RR 49-50)

FEI had previously provided electrical services to Ali in Port Lavaca and in Cuero. They had disputes regarding payment on those jobs as well, and FEI filed suit against Ali. Ali believed FEI had overcharged him. Ultimately, a settlement was reached. (RR 50) Knowing their previous history, Ali and Flessner discussed the price FEI was going to charge him. (RR 50) Flessner told Ali the price would be between $40,000-$45,000. (RR 51) This was the price for the complete job – labor and materials. (RR 51) When Ali questioned the amount, Flessner stated it was the highest amount that would be charged, but it could be less. (RR 51) Ali confirmed Flessner's testimony their agreement was not reduced to writing. (RR 51)

Ali came to look at the progress of the work on the store at least four times a week. The scope of the project never changed and Ali stated he never asked FEI to make additions or redo anything that had been previously done. (RR 55-56; 64-66) Ali did question Flessner as to why the project was

6

taking so long. Every time Ali came into town he would go by the store and would not see anyone working. Contrary to the entries made by Flessner on the work log, Ali testified he never saw anybody working on a Saturday or Sunday. (RR 56-57)

When questioned about FEI's billing, Ali stated he never saw the February 25, 2007 bill; he only saw the final bill. (RR 52) Ali said that if Flessner had given the bill to an employee of the store, the employee would have certainly given it to Ali. (RR 53) With respect to Flessner's statement that he had faxed a copy of the bill to Ali at Ali's other convenience store, the Get N Go in Cuero, Ali had already sold that store in 2007, so he would not have received a fax from FEI in March or April of 2009. (RR 54) Ali stated he never saw the 27-page invoice of parts and materials until he was served with the lawsuit. (RR 57)

After the work was performed, but before suit was filed, Ali met Flessner in 2012 on the street in Cuero; Flessner had seen Ali and stopped him to discuss the bill. (RR 55) Ali questioned him about the size of the bill. Flessner responded that the account could be settled on the side, without the involvement of attorneys and Ali could make payments. (RR 55)

Prior to the work being completed, Ali paid FEI $20,000 on the project – $5,000 each on July 20, 2007; August 3, 2007; January 31, 2008; and

February 25, 2008. (RR 57-58) Ali paid this money without receiving an invoice from FEI because Flessner had asked him for money to make his loan payment and because Flessner had quoted him $40,000-$45,000 for the job. Ali did not mind paying half of the quoted price so that FEI could finish up the job – it had taken so long already. (RR 58) Ali paid Flessner in person, by check, each time. Thereafter, Flessner never asked Ali for more money. (RR 58)

The store finally opened August 9, 2008. (RR 59) About four months later, Ali went to Flessner to ask what was the final bill. Flessner told him he had not finished the paperwork, but when it was completed he would bring it to Ali. At that time, Ali felt the most he would owe FEI was another $25,000. (RR 59)

Ali denied that he and Flessner had a deal for Ali to pay $3,000 per week for labor. (RR 59; 66) Nor did he have an arrangement to pay Flessner or any of FEI's employees on an hourly basis. (RR 59) It was Ali's understanding that the job was a flat fee – no more than $45,000. (RR 60) Ali denied that Flessner ever told him the bill was already $120,000 in 2008. (RR 67) Until Ali received the final bill, he had no idea the bill had quadrupled from the original quote. (RR 69)

When Ali reviewed the timesheet prepared by Flessner showing the dates and times for labor, he questioned the accuracy of the document. He stated that when he would come in from Austin (at least four times per week), he never saw people working at the store at 6:30 or 7:00 in the morning. Sometimes someone would show up at 10:00 a.m. and then disappear after lunch. (RR 61) No one was ever there on a Saturday or Sunday. He also questioned the entries where Flessner stated an employee had worked eleven hours straight without a break. This occurred on more than one occasion. (RR 62)

FEI called Flessner in rebuttal. He denied he ever quoted Ali a price of not more than $45,000. (RR 71-72) Flessner further contradicted Ali's testimony that there were no changes made to work already performed. (RR 73-74) Flessner did concede, again, that there was no contract for the work performed – "We had a handshake deal." (RR 75) Flessner also stated: "I never spoke of a dollar amount period with Mr. Ali." (RR 72)

Ali was also called in rebuttal. He stated he specifically recalled the conversation with Flessner wherein Flessner stated he would charge no more than $45,000 and that he "would be reasonable" with Ali. (RR 76)

## III.  SUMMARY OF THE ARGUMENT

The trial court erred in granting judgment in favor of FEI for three

reasons. First, the great weight and preponderance of the evidence established that FEI filed suit against Ali more than four years after the last date the project was substantially completed. Second, there was no evidence of a written contract, signed by Ali, that bound him to pay FEI for any materials or services. Third, without a valid contract, the award of attorney's fees was in error.

At Ali's request, the court signed findings of fact and conclusions of law. [Supp. CR 4] Because none of the findings addressed Ali's affirmative defenses, Ali requested additional findings of fact and conclusions of law, [Supp. CR 8] and provided the court with proposed additional findings and conclusions. [Supp. CR 6] The trial court failed to sign the additional findings and conclusions. It was error for the court not to do so because the additional findings and conclusions would have resulted in a different judgment.

## IV. ARGUMENT AND AUTHORITIES

Ali presents the Court with the following issues, arguments and authorities in support of their claim the trial court's judgment should be reversed and rendered.

**Issue No. 1:**
**Claims for breach of a construction contract must be instituted within four years of the date the work was substantially completed. Where the great weight and preponderance of the evidence established the last date the work was substantially completed was more than four years**

**prior to the date suit was filed, the trial court erred in entering judgment for FEI.**
(Germane to FF # 2, 3, 4, 5 and 6 and CL #1; Proposed Additional FF # 1, 2, 3, and 4 and CL # 1, 2 and 3)

The presented issue can be resolved by answering a single question – When did FEI's cause of action against Ali accrue for limitation purposes? The answer is provided by FEI's invoice and Flessner's own testimony – March 16, 2009.

### A. STANDARD OF REVIEW AND BURDEN OF PROOF

In reviewing an issue asserting that a finding is against the great weight and preponderance of the evidence, both the evidence that tends to prove the existence of a vital fact, as well as evidence that tends to disprove its existence, is considered. *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex. App.–Corpus Christi 1982, writ ref'd n.r.e.). If a court's finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *In re King's Estate*, 244 SW.2d 660, 661 (Tex. 1951).

The statute of limitations is an affirmative defense. TEX. R. CIV. P. 94. As such, Ali bore the initial burden to plead, prove, and secure findings to sustain their plea of limitations. *Woods v. William M. Mercer, Inc*., 769

S.W.2d 515, 517 (Tex. 1988); *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 722 (Tex. App.--Houston [1st Dist.] 2011, no pet.).

## B. FEI NOT ENTITLED TO THE EVIDENTIARY PRESUMPTION OF A SUIT ON SWORN ACCOUNT

Although not referencing the rule, it is uncontroverted that FEI filed its complaint against Ali based on a suit on sworn account under TEX. R. CIV. P. 185. "Rule 185 is not a rule of substantive law, but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery. *Rizk v. Financial Guardian Ins. Agency, Inc*., 584 S.W.2d 860, 862 (Tex. 1979); *McNeil v. Pierce*, 688 S.W.2d 209, 210 (Tex. App.-El Paso 1985, writ ref'd n.r.e.). Indeed, Rule 185 is described as "a rule of evidence only, which . . . allows the plaintiff to avoid the necessity of proving the correctness of the account." *PennWell Corp. v. Ken Associates, Inc.*, 123 S.W.3d 756 (Tex. App.—Houston [14th Dist] 2003, pet. denied).

As applied to this case, because Ali filed a sworn denial of FEI's claim, "the evidentiary effect of the itemized account is destroyed and [FEI] is forced to put on proof of its claim." *Rizk*, 584 S.W.2d at 862; *Powers v. Adams*, 2 S.W.3d 496, 498 (Tex. App.--Houston [14th Dist.] 1999, no pet.). Boiled down to its essence, FEI's claim is basically one for breach of an oral contract.

## C. EFFECT OF TRIAL COURT'S FINDINGS OF FACT WHERE PRIMA FACIE RIGHT TO RECOVERY IS DEFEATED

Findings of fact entered in a case tried to a court are of the same force and dignity as a jury's verdict on jury questions. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Adams v. H & H Meat Prods*., 41 S.W.3d 762, 769 (Tex. App.--Corpus Christi 2001, no pet.). This Court applies the same standards in reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as it does when reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Winters v. Arm Refining Co., Inc.*, 830 S.W.2d 737, 739 (Tex. App.--Corpus Christi 1992, writ denied). Specifically, the Court will indulge every reasonable presumption in favor of the findings and judgment of the trial court, and no presumption will be indulged against the validity of the judgment. *Rich v. Olah*, 274 S.W.3d 878, 883-884 (Tex. App.–Dallas 2008, no pet.) (citing *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.--Houston [14th Dist.] 1999)).

The problem in this case is that the trial court's FF # 2-6 and CL # 1 only confirmed that FEI had properly pled the elements necessary to establish a suit on sworn account, thereby requiring Ali to file a sworn denial, which he did. [CR 30] Applying the holdings of *Rizk* and *Powers*, *supra*, the evidentiary value of pleading the sworn account elements was negated by

Ali's sworn denial. Thus, the trial court's findings #2-6 are irrelevant.

Ali's requested Additional Findings of Fact and Conclusions of Law <u>are</u> relevant and should have been signed by the trial court. Specifically, FF #3: "Plaintiff last provided materials for use on and installation in Defendants' property no later than February 25, 2007."; FF #4: "Plaintiff last provided labor in relation to the installation of the materials no later than March 16, 2009."; and FF #1: "Plaintiff filed suit against Defendants on March 28, 2013." [Supp. CR 6]

### D. THE STATUTE OF LIMITATIONS BARRED FEI'S CLAIM

The Texas Civil Practice and Remedies Code addresses when a plaintiff must bring suit for various causes of action. It provides "A person must bring suit on the following actions not later than four years after the day the cause of action accrues [for] debt." TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3). The question of when a cause of action accrues is a question of law for the court to decide. *Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex. 1990). A cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990); *Ocean Transp. v. Greycas, Inc.*, 878 S.W.2d 256, 267 (Tex. App.--Corpus Christi 1994, writ denied).

Typically, construction is performed under a continuing contract. In this type of contract, the performance contemplated and payment for same is divided into several parts, or where the work is continuous and indivisible, the payment for work is made in installments as the work is performed. ***Godde v. Wood***, 509 S.W.2d 435, 441 (Tex. Civ. App.–Corpus Christi 1974, writ ref'd n.r.e.). Limitations begins to run on a continuing contract at the ***earlier*** of the following: (1) when the work is completed; (2) when the contract is terminated in accordance with its terms; or (3) when the contract is anticipatorily repudiated by one party and this repudiation is adopted by the other party. ***Integrated of Amarillo, Inc. v. Pinkston-Hollar Constr. Servs***., 2013 Tex. App. LEXIS 4216, 5-6 (Tex. App.--Amarillo Apr. 2, 2013, pet. filed); ***Godde***, 509 S.W.2d at 441.

The question then becomes, when was the work completed so as to trigger the running of statute of limitations?

### 1. FEI's substantial completion triggered the running of the statute of limitations on March 16, 2009

FEI will undoubtedly argue that it provided services to Ali up until June 2009 and that its Original Petition, filed on March 28, 2013 [CR 4] is therefore timely. *(See* Objection to Requested Additional Findings of Fact and Conclusions of Law [Supp. CR 10]) However, Flessner's own testimony, as

well as the documentary evidence, established that the work at FasTrak was substantially completed on March 16, 2009.

"Substantial performance" means that the essential elements of a contract have been performed and is the legal equivalent to full performance. ***Geotech Energy Corporation v. Gulf States Telecommunications and Information Sys., Inc.***, 788 S.W.2d 386, 390 (Tex. App.--Houston [14th Dist.] 1990, no writ); ***CraneTex, Inc. v. Precision Crane & Rigging of Houston, Inc.***, 760 S.W.2d 298, 302 (Tex. App.--Texarkana 1988, writ denied) (cited by ***Anderson v. Vinson Exploration***, 832 S.W.2d 657, 666 (Tex. App.--El Paso 1992, writ denied).

Flessner admitted the last date billed for labor was March 16, 2009. (RR 11) (Pl. Ex. 1) Flessner then equivocated, claiming he performed other services, such as warranty work and "punch list things" through June of 2009. (RR 11) However, any work performed past March 16, 2009 was at no additional charge. (RR 11)

A review of Pl. Ex. 1 (also provided in the Clerk's Record) shows that the date services were last provided by FEI was "3-16-09." [CR 48] With respect to the parts and/or materials used, Flessner admitted there were no dates on the invoice referencing when the parts were used. (RR 41)

The foregoing establishes that FEI substantially completed the work for

16

Ali on or before March 16, 2009. It was at this time that its right to be paid by Ali occurred and the statute of limitations began to accrue. As such, FEI was required to file suit on or before March 16, 2013. It did not do so and its claim was barred by limitations.

### 2. Demand for Payment does not Trigger the Statute of Limitations

FEI might also argue that limitations did not begin to run until FEI made a demand for payment upon Ali by sending him a bill on March 30, 2009. The trial court made no finding of fact or conclusion of law indicating demand was a condition precedent to FEI's ability to sue or an integral part of its cause of action. Consequently, demand was unnecessary for the statute to begin running. *See **Loomis v. Republic Nat'l Bank***, 653 S.W.2d 75, 77 (Tex. App.--Dallas 1983, writ ref'd n.r.e.); ***Godde***, 509 S.W.2d at 443; ***Foreman v. Graham***, 363 S.W.2d 371, 372 (Tex. Civ. App.--Beaumont 1962, no writ). Moreover, Flessner admitted that FEI never sent Ali a demand letter. (RR 47)

### E.    CONCLUSION TO ISSUE NO. 1

The trial court erred in entering judgment against Ali because FEI's claim was barred by the applicable four-year statute of limitations. The evidence was uncontroverted that FEI's work for Ali at the FasTrak was substantially completed on March 16, 2009, and it did not file suit until March

17

28, 2009, almost two weeks after the statute of limitations had expired.

Ali asks the Court to sustain their first issue, reverse the judgment of the trial court and render judgment that FEI take nothing on its claim.

**Issue No. 2:**
**In order to prevail on a breach of contract action, the agreement must be in writing and signed by the person against whom liability is sought. Where there was no evidence of a contract in writing, signed by Ali, the trial court erred in entering judgment against them.**
(Germane to FF # 2, 3, 4, 5 and 6 and CL #1)

The second reason the trial court erred in entering the complained of judgment is that the agreement violated the statute of frauds, TEX. BUS. & COM. CODE ANN. § 2.201(a), and the parties' oral agreement was not specific enough to be enforceable.

A. STANDARD OF REVIEW

When an appellant complains of the legal sufficiency of the evidence supporting an adverse finding on a matter on which the appellant had the burden of proof, it must show the evidence establishes, as a matter of law, all vital facts in support of the issue. **Dow Chem. Co. v. Francis**, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing a "matter of law" challenge, the Court first examines the record for evidence supporting the finding, and then examines the entire record to determine if the contrary proposition is established as a matter of law. **Id.** The issue is sustained only if the contrary proposition is

18

conclusively established. *Id*. In this case, there is no evidence to support an implied finding of a contract in writing and the record establishes the contrary position.

**B.    NO FINDINGS WITH RESPECT TO THE STATUTE OF FRAUDS**

Neither party requested findings of fact with respect to the application of the statute of frauds. As such, this Court infers all facts necessary to support the judgment if they are supported by the evidence.  *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).  *Bennett v. Spectrum Constr., Inc.*, 2012 Tex. App. LEXIS 9629, *2-3 (Tex. App.–Houston [1st Dist.] 2012, no pet.). The implied finding in this case is that there was a written contract or agreement between the parties signed by Ali.

**C.    THE STATUTE OF FRAUDS APPLIES TO BAR FEI'S ABILITY TO RECOVER DAMAGES**

The Texas Business and Commerce Code provides:

> Except as otherwise provided in this section a contract for the sale of goods for the price of $ 500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

TEX. BUS. & COM. CODE § 2.201(a).  Whether an agreement is an enforceable contract is generally a question of law. *Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex. App.--Corpus Christi 2004, no pet.).

## 1. No Contract in Writing

For an agreement to be legally binding, the contract's terms must be sufficiently definite to enable a court to understand what the promisor undertook. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). If the court is unable to determine the parties' rights and obligations, there is no enforceable contract. *See* *Searcy v. DDA, Inc.*, 201 S.W.3d 319, 322 (Tex. App.--Dallas 2006, no pet.); *Estate of Eberling v. Fair*, 546 S.W.2d 329, 335 (Tex. Civ. App.--Dallas 1976, writ ref'd n.r.e.); *see also* *T. O. Stanley Boot Co.*, 847 S.W.2d at 221 (no binding contract if an essential term is left open for future negotiation; before a court can enforce the contract, the parties must agree to the contract's material terms).

"Material terms" is defined as "contractual provision[s] dealing with a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to be done." BLACK'S LAW DICTIONARY 1510 (8th ed. 2004). Courts have implied material terms when the surrounding circumstances left little doubt as to the parties' intentions. *See* *Ski River Development, Inc. v. McCalla*, 167 S.W.3d 121, 134 (Tex. App.--Waco 2005, pet. denied); *O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237, 244 (Tex.

App.--San Antonio 1998, pet. denied). That cannot be done in the present case because there were no terms at all. Neither the trial judge nor this Court may supply essential terms that the parties did not or could not agree upon. As a matter of law, the oral agreement is not a valid, enforceable contract. *Allamon Tool Co. v. Derryberry*, 2007 Tex. App. LEXIS 8858, *7 (Tex. App.--Beaumont 2007, no pet.).

To satisfy the statute of frauds, "there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978) (cited by *SDN, Ltd. v. JV Rd., L.P.*, 2010 Tex. App. LEXIS 2206, *8 (Tex. App.--Austin 2010, no pet.).

In this case, oral testimony was adduced with respect to the contract. Flessner stated he did not prepare a written estimate of the work to be performed by FEI. (RR 38) He further conceded there was no written contract, and a price for the job was not discussed. (RR 38) In Flessner's words, "It was a handshake deal." (RR 38) Ali contradicted Flessner's testimony regarding price by stating Flessner told him the price would be between $40,000-$45,000. (RR 51) Ali agreed there was no written contract. (RR 51)

Flessner's oral testimony was required to establish the contract price as

set forth in Exhibit 1. Ali's oral testimony contradicted Flessner's testimony. Because no price was ever established and the testimony was conflicting as to price, in the absence of a written contract, the agreement is unenforceable under the statute of frauds.

### 2.     Oral Contract not Sufficiently Specific

The rules regarding indefiniteness of material terms of a contract are based on the concept that a party cannot accept an offer to form a contract unless the terms of that contract are reasonably certain. RESTATEMENT (SECOND) OF CONTRACTS § 33(1) (1981); *Ski River Dev., Inc.*, 167 S.W.3d at 133 (Tex. App.--Waco 2005, pet. denied). The Restatement further asserts that contract terms are reasonably certain "if they provide a basis for determining the existence of a breach and for giving an appropriate Remedy." RESTATEMENT (SECOND) OF CONTRACTS § 33(2) (1981). This conforms to the policy that the parties, and not the courts, should make contracts.  However, a court may not create a contract where none exists and they generally may not interpolate or eliminate material terms. *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699, 701 (1951).

Whether the parties reached an agreement is a question of fact. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.--Houston [14th Dist.] 2005, no pet.). Whether an agreement is legally

enforceable, however, is a question of law. *See **Id.***; ***Gaede v. SK Invs., Inc***., 38 S.W.3d 753, 757 (Tex. App.--Houston [14th Dist.] 2001, pet. denied) (both cited by ***Parker Drilling Co. v. Romfor Supply Co.***, 316 S.W.3d 68, 72 (Tex. App.-- Houston [14th Dist.] 2010, pet. denied)).

### a.    Elements Necessary for Contract Formation

This Court recently outlined the elements for a valid and binding contract, to wit: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. ***Luna v. Luna***, 2011 Tex. App. LEXIS 3267, *7-8 (Tex. App.-- Corpus Christi 2011, no pet.) (citing ***Labor Ready Central L.P. v. Gonzalez***, 64 S.W.3d 519, 522 (Tex. App.--Corpus Christi 2001, no pet.)).  To create an enforceable contract, there must be a clear and definite offer followed by a clear and definite acceptance in accordance with the offer's terms. *See **Levin Law Group, P.C. v. Sigmon***, 2010 Tex. App. LEXIS 352 at *3 (Tex. App.--Houston [14th Dist.] 2010, pet. filed) (mem. op.); ***Angelou v. African Overseas Union***, 33 S.W.3d 269, 278 (Tex. App.--Houston [14th Dist.] 2000, no pet.).

The elements of written and oral contracts are the same and must be present for a contract to be binding. ***Luna***, 2011 Tex. App. LEXIS 3267 at *8.

Where an essential term is open for future negotiation, there is no binding contract. **Beal Bank, S.S.B. v. Schleider**, 124 S.W.3d 640, 653 (Tex. App.--Houston [14th Dist.] 2003, pet. denied); **Gerdes v. Mustang Exploration Co.**, 666 S.W.2d 640, 644 (Tex. App.--Corpus Christi 1984, no writ). Consideration is also a fundamental element of a valid contract. **Federal Sign v. Texas So. Univ.,** 951 S.W.2d 401, 408-09 (Tex. 1997).

### b. Testimony Established All Elements for Contract Formation not Present

The parties agree there was an oral contract for FEI to install new electrical wiring at the FasTrak store. Both Flessner and Ali testified as to such. However, none of the terms were agreed upon. There was never a specific offer by FEI or an acceptance by Ali. As is clear by the testimony of Flessner (there was no set price; price was not discussed) and Ali (the price would be no greater than $45,000), and the actual bill submitted by FEI ($145,543.37), there was not a meeting of the minds, nor did each party consent to the terms. This conflicting evidence also establishes there was no consideration discussed or given. Simply put, no enforceable contract was ever formed between FEI and Ali and the trial court erred in entering judgment for FEI.

### D. THE TESTIMONY ESTABLISHES PROPOSITIONS CONTRARY TO THE COURT'S FINDINGS AND CONCLUSIONS

The trial court's FF #5 and #6 and CL #1 are not supported by legally sufficient evidence. A no evidence point of error must be sustained when the record discloses one of the following: (1) evidence of a vital fact is completely absent; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

As stated above, evidence of vital facts (price, terms of payment, quantity, quality, duration, or the work to be done) were omitted from the parties' oral agreement. Both Flessner and Ali admitted there was no contract in writing; indeed, Flessner termed it a "handshake deal." Thus, there is no evidence that Ali "promised and became bound and liable to pay [FEI] for said goods and services" (FF #5). Nor is there any evidence that Ali agreed to pay FEI the sum of $145,543.37, the amount found by the trial court to be due and owing to FEI (FF #6, CL #1[5]); an amount that is three-and-a-half times[6] the amount Flessner told Ali the job would cost. (RR 51)

---

[5]Ali reasserts his contention that FF #5 and #6 and CL #1 merely support the elements of a suit on sworn account claim. By filing a sworn denial, Ali negated the evidentiary affect of Rule 185 and put FEI to its proof. As such, these findings of fact and conclusion of law are not controlling.

[6]Finding of Fact No. 6 provides the original bill was $158,008.08.

### E.    CONCLUSION TO ISSUE NO. 2

The adduced testimony, both from Flessner and Ali, was that there was not a contract in writing. The lack of a written contract places the agreement squarely within the statute of frauds and negates the trial court's judgment. In addition, the oral agreement lacks the specificity and definiteness required for even an oral contract to be enforceable.

Ali asks the Court to sustain their Issue No. 2, find the oral agreement unenforceable as violative of the statute of frauds.  Ali asks the Court to reverse and render judgment that FEI take nothing by its claim.  In the alternative, Ali asks the Court to find the contract price was $45,000, give Ali credit for the $20,000 he previously paid, and reverse and render judgment that Ali owes FEI the sum of $25,000.

**Issue No. 3:**
**To be entitled to attorney's fees there must be a statute or contract authorizing the award of attorney's fees and there must be evidence to support the amount of attorney's fees requested. Where the record is devoid of any evidence to support the award of attorney's fees, the trial court erred in awarding FEI attorney's fees in the amount of $4,500.00** (Germane to FF #7 and CL #2)

"Texas has long followed the 'American Rule' prohibiting [attorney's] fee awards unless specifically provided by contract or statute." ***MBM Fin. Corp. v. The Woodlands Operating Co.***, 292 S.W.3d 660, 669 (Tex. 2009) (citing ***Tony Gullo Motors I, L.P. v. Chapa***, 212 S.W.3d 299, 310-11 (Tex. 2006));

*Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 417 (Tex. App.--Corpus Christi 2001, pet. denied). Moreover, an award of attorney's fees must be supported by sufficient evidence. *Wibbenmeyer v. TechTerra Communs., Inc.*, 2010 Tex. App. LEXIS 2203, *10 (Tex. App.--Austin 2010, pet. denied).

## A.   STANDARD OF REVIEW

Because Ali is challenging the legal sufficiency of the evidence to support a finding on which they did not have the burden of proof at trial, they must demonstrate that no evidence exists to support the adverse finding. *Brockie v. Webb*, 331 S.W.3d 135, 138 (Tex. App.–Dallas 2010, no pet.) (discussing standard for addressing challenges to legal and factual sufficiency of attorney's fees) (citing *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983)). When reviewing the record, this Court is to determine whether any evidence supports the award of attorney's fees. *Id.* If more than a scintilla of evidence exists, the legal sufficiency challenge fails. *Id.* (citing *Formosa Plastics Corp. USA v. Presidio Engr's & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

Issues concerning the availability of attorney's fees under statute or contract present questions of law that this Court reviews *de novo*. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex 1999); *In Re Lesikar*, 285 S.W.3d 3d 577, 583 (Tex. App.–Houston [14th Dist] 2009, no

pet.).

## B. LAW RELATING TO ATTORNEY'S FEES

Even where a statute or contract permits the award of attorney's fees, there must still be sufficient evidence to support the amount of the attorney fee award. "As a general rule, the party seeking to recover attorney's fees carries the burden of proof." ***Stewart Title Guar. Co. v. Sterling***, 822 S.W.2d 1, 10 (Tex. 1991). A determination of reasonable attorneys' fees is a question for the trier of fact. ***Id***. at 12. Factors that a fact finder should consider when determining the reasonableness of a fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *See **Arthur Andersen & Co. v. Perry Equip. Corp***., 945 S.W.2d 812, 818 (Tex. 1997).

Evidence of each of the ***Andersen*** factors is not required to support an award of attorneys' fees. ***Southwest Grain Co. v. Pilgrim's Pride S.A. de C.V.***, 2010 Tex. App. LEXIS 5014, *21-22 (Tex. App.--Corpus Christi 2010, pet. denied). Rather, the Court looks at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties in determining the reasonableness of the fee award. ***Garrod Invs., Inc. v. Schlegel***, 139 S.W.3d 759, 767 (Tex. App.—Corpus Christi 2004, no pet.) (cited by ***McDonald v. Fox***, 2012 Tex. App. LEXIS 9518, *7 (Tex. App. Corpus Christi 2012, no pet.).

FEI's pleading requested attorney's fees, but did not reference a statute that would support the award of attorney's fees. Presumably, FEI relied on a breach of contract cause of action. An award of attorney's fees in a breach of contract claim is appropriate only if a party prevails and recovers damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8)(allowing recovery of attorney's fees in valid claims involving oral or written contracts); ***State Farm Life Ins. Co. v. Beaston***, 907 S.W.2d 430, 437 (Tex. 1995).

C.  **THE COURT'S FINDINGS AND CONCLUSIONS ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE**

To support the award of attorney's fees, the court found "A reasonable attorney fee for Plaintiff's attorney, as heard by the evidence, is $4,500.00"

(FF #7) Based on this finding, the court concluded "Plaintiff is entitled to recover attorney's fees in the amount of $4,500.00." (CL #2) There is no evidence to support either the finding of fact or the conclusion of law.

Ali is aware of the civil practice and remedies code provision that allows a court to "take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence" in a proceeding before the court. TEX. CIV. PRAC. & REM. CODE ANN. § 38.004. However, FEI's attorney did not ask the court to take judicial notice of amount and reasonableness of its attorney's fees. Moreover, § 38.004 has been held to apply only to claims for attorney's fees under § 38.001. *Coward v. Gateway Nat'l Bank*, 525 S.W.2d 857, 859 (Tex. 1975) (cited by *In the Interest of Striegler*, 915 S.W.2d 629, 644 (Tex. App.--Amarillo 1996, writ denied)).

### 1. Where Contract Claim Fails, Claim for Attorney's Fees Fails

An award of attorney's fees in a breach of contract claim is appropriate only if a party prevails and recovers damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8); *Beaston*, 907 S.W.2d at 437. Because there was no enforceable contract upon which to sustain the trial court's damage award, (See Issue Nos. 1 and 2) FEI's award of attorney's fees fails as well.

### 2. There is no Evidence to Support Award of Attorney's Fees Even if the Contract was Enforceable

FEI's attorney stated in closing that "I've testified as to attorney fees." (RR 77) However, a review of the entire reporter's record fails to yield any testimony by FEI's attorney. Moreover, a review of the court reporter's Exhibit List (Volume 3 of 3) does not reveal an exhibit detailing the amount of FEI's attorney's fees, nor does the court reporter's Master Index (Volume 1 of 3) show any testimony being proffered by FEI's attorney, Robert Lassmann. There is no exhibit detailing the amount of attorney time expended by Mr. Lassmann, nor is there even an affidavit filed by Mr. Lassmann that purports to establish the amount of the attorney's fees. FEI merely pled for $4,500.00 in attorney's fees and that is what the trial court awarded.

Implicit in the **Arthur Andersen**, **Southwest Grain**, **Garrods Investment**, and **McDonald** holdings *supra,* is that there is some evidence regarding the amount of the attorney's fees requested. In the present case, the record is completely devoid of any evidence of attorney's fees other than Mr. Lassmann's statement, made in closing arguments, that he previously testified. This is not evidence.

### D. CONCLUSION TO ISSUE NO. 3

The party applying for an award of attorney's fees bears the burden of proof. **El Apple I, Ltd. v. Olivas**, 370 S.W.3d 757, 762-63 (Tex. 2012). In this

case, FEI totally failed in carrying that burden because it's attorney did not proffer any evidence on the amount or reasonableness of the fees FEI was requesting. Moreover, the statutory basis to support an award of attorney's fees is inapplicable because the oral contract violates the statute of frauds.

Ali requests that the Court sustain their Issue No. 3 and reverse and render judgment that FEI take nothing by its request for attorney's fees.

**Issue No. 4:**
**When requested to do so, a trial court shall file any additional or amended findings and conclusions that are appropriate. Where Ali timely requested additional or amended findings of fact and conclusions of law to support their limitations defense, the trial court erred in failing to sign same.**

Rule 298 permits a party to request specific additional or amended findings or conclusions "after the court files original findings of fact and conclusions of law." TEX. R. CIV. P. 298. In this point of error, Ali complains of the trial court's failure to file their requested additional or amended findings and conclusions.

### A. THE LAW RELATED TO ADDITIONAL FINDINGS

A trial court is required to make additional findings of fact that are supported by the record and are not contrary to other previous findings. ***Rich v. Olah***, 274 S.w.3d 878, 886 (Tex. App.–Dallas 2008, no pet.). Rule 298 requires additional findings of fact and conclusions of law only if they relate to "ultimate or controlling issues." ***Assoc. Tel. Directory Publishers v. Five***

***D's Publishing Co.***, 849 S.W.2d 894, 901 (Tex. App.--Austin 1993, no writ). An ultimate fact issue is one essential to the cause of action that would have a direct effect on the judgment. ***Gen. Elec. Capital Corp. v. ICO, Inc.***, 230 S.W.3d 702, 711 (Tex. App.--Houston [14th Dist.] 2007, pet. denied); ***Rich***, 274 S.W.3d at 886; ***Vickery***, 5 S.W.3d at 252.

A trial court is not required to make additional findings of fact that are unsupported in the record, that are evidentiary, or that are contrary to other previous findings. ***Buckeye Ret. Co., L.L.C. v. Bank of Am., N.A.***, 239 S.W.3d 394, 402 (Tex. App.--Dallas 2007, no pet.); *see* ***Rafferty v. Finstad***, 903 S.W.2d 374, 376 (Tex. App.--Houston [1st Dist.] 1995, writ denied) (only necessary finding was ultimate issue--whether division of marital estate was just and right--rather than evidentiary findings as to parties' relative earning capacities, investments of separate property in community residence, or cruelty). The burden is on the party requesting additional findings of fact and conclusions of law to show how the trial court's failure to make additional findings and conclusions prevents that party from adequately presenting its complaint on appeal. ***City of McAllen v. Ramirez***, 2013 Tex. App. LEXIS 8887, *76 (Tex. App.--Corpus Christi) *vacated on other grounds,* 2013 Tex. App. LEXIS 13785, *1 (Tex. App.--Corpus Christi 2013, no pet.).

**B.    TRIAL COURT'S FINDINGS AND CONCLUSIONS DID NOT ADDRESS ALI'S AFFIRMATIVE DEFENSE OF LIMITATIONS**

In the present case, the court filed findings of fact and conclusions of law. [Supp. CR 4-5] However, the findings only supported FEI's pled cause of action for suit on sworn account; none of the court's findings and conclusions addressed the affirmative defense of limitations raised by Ali in their pleadings and in the testimony adduced at trial. Whether the statute of limitations acted to bar FEI's claim against Ali was a controlling issue in the case.  Ali pled the affirmative defense in their Original Answer. [CR 30] They raised it again in a motion for summary judgment. [CR 33] FEI's documentary evidence (Pl. Ex. 1) established Ali's limitations defense.

Because of this defect, Ali timely filed a Request for Additional Findings of Fact and Conclusions of Law [Supp. CR 8-9] and proposed additional findings and conclusions. [Supp. CR 6-7] The trial court declined to sign the additional findings of fact and conclusions of law.

Each additional fact requested is supported by the documents attached to Plaintiff's Original Petition [CR 4] and by testimony adduced at trial. Each conclusion of law is supported by TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (the four-year statute of limitations for debt), and the cases of ***Integrated of Amarillo, Inc. v. Pinkston-Hollar Constr. Servs***., 2013 Tex. App. LEXIS 4216, 5-6 (Tex. App.--Amarillo Apr. 2, 2013, no pet.)(under a

continuing contract, limitations run at the completion of the work); ***Hubble v. Lone Star Contracting Corp.***, 883 S.W.2d 379, 382 (Tex. App.–Fort Worth 1994, pet. denied)(construction contracts are typically continuing contracts); and ***Godde v. Wood***, 509 S.W.2d 435, 441 (Tex. Civ. App.--Corpus Christi 1974, writ ref'd n.r.e.)(substantial performance with respect to building contracts is regarded as full performance triggering a plaintiff's right to sue).

### C.   ALI'S ABILITY TO PRESENT APPEAL HINDERED BY TRIAL COURT'S FAILURE TO FILE ADDITIONAL FINDINGS AND CONCLUSIONS

Because the trial court refused to make findings regarding when FEI's cause of action accrued and when it filed suit, elements necessary to support Ali's limitations defense, there are no findings that would result in a different judgment. In ***In re R.D.Y.***, 51 S.W.3d 314 (Tex. App.–Houston [1st Dist.] 2001, pet. denied), the First Court of Appeals held that a party must show the trial court's refusal to file the requested additional findings caused the rendition of an improper judgment. ***Id.*** at 322.   *See also* ***Pakdimounivong v. City of Arlington***, 219 S.W.3d 401, 412 (Tex. App.–Fort Worth 2006, pet. denied) (if requested findings will not result in a different judgment, the findings need not be made).

### D.   CONCLUSION TO ISSUE NO. 4

As shown in Issue No. 1 above, FEI's claims against Ali were barred by limitations.   Although the evidence supported Ali's request for additional

findings and conclusions, the trial court refused to make the additional findings and conclusions.  The judgment would have been different had the findings been made in that FEI's claims would have been barred by limitations and it would have taken nothing.

Ali asks the Court to sustain their Issue No. 4, hold the trial court erred in failing to make the requested additional findings and conclusions and reverse the judgment of the trial court.  Because the requested findings would have supported Ali's limitations defense, Ali also asks the Court to render the judgment the trial court should have rendered, to wit: that FEI's suit was barred by limitations. TEX. R. APP. P. 43.2.

## V.    CONCLUSION AND PRAYER

The trial court erred in entering judgment against Ali.  FEI failed to timely file suit against Ali and as a result, it's claims are barred by the statute of limitations.  The judgment is further in error because the oral contract FEI sued upon is barred by the statute of frauds. It is of no moment that FEI filed its lawsuit asserting a suit on sworn account because a suit on sworn account does not allege a cause of action, it merely sets up the effect of a prima facie pleading. If a defendant files a verified denial, the presumptions created by the prima facie pleading are defeated and the plaintiff is put to his proof.

The trial court's findings of fact and conclusions of law confirmed only

that FEI had filed a suit on sworn account and that evidence was received concerning the suit on sworn account. There were no findings concerning the existence of a contract, or that Ali breached the contract. The court refused to file Ali's requested additional findings of fact and conclusions of law, which were supported by the pleadings, the testimony, and the documentary evidence. Had the trial court filed the requested additional findings and conclusions, the judgment would have been different.

Finally, the trial court erred in granting FEI its attorney's fees. There was no evidence to support the award, and even though a court can take judicial notice of the reasonableness of attorney's fees, there still has to be testimony concerning the amount of the fees. There was none in this case. In addition, should this court sustain either Issue No. 1 or Issue No. 2, there would be no statutory basis to support an award of attorney's fees.

Ali asks this Court to sustain his issues presented, reverse the judgment of the trial court and render judgment that FEI take nothing.

Respectfully submitted,

THE WERNER LAW GROUP

/s/ *Leslie A. Werner*
Leslie A. Werner
SBN 21190150
PO Box 247
Victoria, Texas 77902

361-578-7200 Tel.
361-485-1949 Fax
leslie@werner-lawgroup.com
Attorney for Appellants, Nadir and
Mumtaz Ali

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served on all counsel of record on June 30, 2015, as follows:

Ms. Cynthia Sheppard
PO Box 67
Cuero, Texas 77954
(via email shepp04@msn.com)

/s/ *Leslie A. Werner*
Leslie A. Werner

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool, this document contains 8520 words.

/s/ *Leslie A. Werner*
Leslie A. Werner

**NO. 13-15-00095-CV**


**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH JUDICIAL DISTRICT**
**CORPUS CHRISTI, TEXAS**

_____


**NADIR N. ALI and MUMTAZ ALI**
Appellants

v.

**FLESSNER ENTERPRISES, INC.**
Appellee

_____

Appeal from Cause No. 13-03-22,628
In the District Court of DeWitt County, Texas; 135th Judicial District

_____

**APPENDIX**

_____

Trial Court's Judgment                                                    Tab 1

Findings of Fact and Conclusions of Law                                   Tab 2

Request for Additional Findings of Fact and Conclusions of Law            Tab 3

Proposed Additional Findings of Fact and Conclusions of Law               Tab 4

FLESSNER ENTERPRISES, INC.   *   IN THE DISTRICT COURT

                               *

VS.                           *   OF DeWITT COUNTY, TEXAS

                               *

NADIR ALI & MUMTAZ ALI     *   135TH. JUDICIAL DISTRICT

## JUDGMENT

BE IT REMEMBERED that on the 17th day of October, 2014, came on to be heard the above-entitled and numbered cause wherein Flessner Enterprises, Inc., as Plaintiff, alleged that it had sold and delivered goods and services to Nadir Ali and Mumtaz Ali, Defendants, had has not yet been paid, in its Original Petition filed herein. It appears that citation and certified copy of Plaintiff's Original Petition was served on Defendants, Nadir Ali and Mumtaz Ali.

After hearing evidence and argument of counsel and the law involved herein, the Court is of the opinion that Plaintiff should recover as prayed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that said FLESSNER ENTERPRISES, INC., Plaintiff recover from Defendants, Nadir Ali and Mumtaz Ali, the amount of $145,543.37 as damages, together with both pre- and post- judgment interest

JUDGMENT, Page 1

as allowed by law. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, Flessner Enterprises, Inc., recover attorney's fees from Defendants, Nadir Ali and Mumtaz Ali, in the amount of $4,500.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that costs shall be assessed against the party incurring the same.

SIGNED this the _3rd_ day of _December_, ~~November~~, 2014.


_____
JUDGE PRESIDING

APPROVED:


_____
Robert C. Lassmann,
Attorney for Plaintiff


**FILED**

___ day of ___
at 2:45 o'clock P. M

DEC 03 2014

TABETH GARDNER, Clerk
Dist. Court, DeWitt County, Texas

By_____ Deputy


_____
Kenneth E. Kvinta,
Attorney for Defendants

JUDGMENT, Page 2

CAUSE NO. 22,628

| FLESSNER ENTERPRISES, INC. | * | IN THE 135TH JUDICIAL DISTRICT |
| | * | |
| vs. | * | COURT OF |
| | * | |
| NADIR ALI & MUMTAZ ALI | * | DeWITT COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSION OF LAW

After reviewing the pleadings and the record, the Court makes the following Findings of Fact:

1. On October 17, 2014, the Court heard evidence in this cause from both Plaintiff and Defendant.

2. Plaintiff delivered goods and services to Nadir Ali and Mumtaz Ali in DeWitt County, Texas to a building owned by Defendants known as Fastrak Express. Said goods were in the form of contracting and electrical equipment and supplies. Said labor was performed by Plaintiff and its employees and agents.

3. Plaintiff's sales and services were made at the special insistence and request of Defendants and were delivered in the regular course of business.

4. Plaintiff delivered said goods and services in the regular course of business. Plaintiff kept a systematic record of said goods and services.

5. Defendants promised and became bound and liable to pay Plaintiff for said goods and services.

6. The principal amount Defendants owe Plaintiff is $158,008.08. After all lawful set-offs and payments, the amount Defendants owe Plaintiff is $145,543.37.

7. A reasonable attorney fee for Plaintiff's attorney, as heard by the evidence, is $4,500.00.

The Trial Court makes the following Conclusions of Law:

1. Plaintiff delivered goods and services to Defendants in the regular course of business and of which a systematic record was kept, after all lawful set-offs and charges are deducted, a total of $145,543.37 is due and owing Plaintiff.

2. Plaintiff is entitled to recover attorney's fees in the amount of $4,500.00.

3. Plaintiff is entitled to pre- and post-judgment interest as provided by law.

4. Defendant is liable for costs of court.

4

SIGNED this the 6th day of February, 2015.

_____
JUDGE PRESIDING

FILED

at _____ 9:30 _____ o'clock A M

FEB 11 2015

TABETH GARDNER, Clerk
Dist. Court, DeWitt County, Texas

By _____ Deputy

Filed
2/23/2015 4:08:04 PM
Tabeth Gardner
Dewitt County
District Clerk

### NO. 13-03-22,628

| | | |
|---|---|---|
| FLESSNER ENTERPRISES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 135TH JUDICIAL DISTRICT |
| | § | |
| NADIR N. ALI and MUMTAZ ALI | § | DeWITT COUNTY, TEXAS |

#### REQUEST FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendants, Nadir N. Ali and Mumtaz Ali, and pursuant to TEX. R. CIV. P. 298, request that the Court file the Additional Findings of Fact and Conclusions of Law attached hereto as Exhibit A.[1]

The Additional Findings of Fact and Conclusions of Law are requested in this case because the original Findings of Fact and Conclusions of Law, signed on February 6, 2015 and filed on February 11, 2015, made no reference to any fact relevant to Defendants' statute of limitations defense.

Each additional fact requested is supported by the documents attached to Plaintiff's Original Petition and/or Defendants' Motion for Summary Judgment. Each conclusion of law is supported by TEX. CIV. PRAC. & REM. CODE ANN. § 16. 004(a)(3) (the four-year statute of limitations for debt), and the cases of *Integrated of Amarillo, Inc. v. Pinkston-Hollar Constr. Servs.*, 2013 Tex. App. LEXIS 4216, 5-6 (Tex. App.--Amarillo Apr. 2, 2013, no pet.); *Hubble v. Lone Star Contracting Corp.*, 883 S.W.2d 379, 382 (Tex. App.--Fort Worth 1994, pet. denied); and *Godde v. Wood*, 509 S.W.2d 435, 441 (Tex. Civ. App.-- Corpus Christi 1974, writ ref'd n.r.e.).

---

[1]Rule 298 requires that the request for additional findings and conclusions must be filed within ten days of the original findings and conclusions. Ten days from February 11, 2015 was Saturday, February 21, 2015. The request is thus due on Monday, February 23, 2015. TEX. R. APP. P. 4.1(a).

8

The additional findings and conclusions must be filed within ten days of the request being made, or on or before March 5, 2015.

WHEREFORE, Defendants ask that the Court sign and file the Additional Findings of fact and conclusions of law attached hereto.

Respectfully submitted

THE WERNER LAW GROUP

/s/ *Leslie A. Werner*

Leslie A. Werner
PO Box 247
Victoria, Texas 77902
361-578-7200 Tel.
361-485-1949 Fax
leslie@werner-lawgroup.com
Attorney for Defendants, Nadir N. Ali and Mumtaz Ali

### CERTIFICATE SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all attorneys of record on February 23, 2015 as follows:

Mr. Robert C. Lassmann
307 N. Gonzales
Cuero, Texas 77954
(via fax: 361-275-3282)

/s/ *Leslie A. Werner*

Leslie A. Werner

9

## NO. 13-03-22,628

| | | |
|---|---|---|
| FLESSNER ENTERPRISES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 135TH JUDICIAL DISTRICT |
| | § | |
| NADIR N. ALI and MUMTAZ ALI | § | DeWITT COUNTY, TEXAS |

### ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

As provided for in TEX. R. CIV. P. 298, the Court's Findings of Fact and Conclusions of Law signed on February 6, 2015 and filed on February 11, 2015, are hereby supplemented with the following additional findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff filed suit against Defendants on March 28, 2013.

2. Plaintiff sent to Defendants a final invoice dated March 30, 2009.

3. Plaintiff last provided materials for use on and installation in Defendants' property no later than February 25, 2007.

4. Plaintiff last provided labor related to the installation of the materials no later than March 16, 2009.

5. Defendants answered Plaintiff's Original Petition and asserted the affirmative defense of limitations.

6. Defendants filed a motion for summary judgment asserting Plaintiff's cause of action was barred by limitations.

7. The Court denied the motion for summary judgment on October 9, 2014 and the case proceeded to trial on October 17, 2014.

### Conclusions of Law

1. The statute of limitations for a claim asserting breach of contract is four years.

2. A construction contract is generally a continuing contract.

3. On a continuing contract, limitations runs at the earlier of (1) the completion of the work; (2) the termination of the contract under its own terms; or (3) the anticipatory

6

repudiation of the contract by one party and the adoption of the repudiation by the other party.

SIGNED: _____, 2015.

_____

JUDGE PRESIDING